## RACHÆL DOLSON v. JAMES G. HOPE.

1. INTOXICATING LIQUORS—*License.* The sale of intoxicating liquors without a license is prohibited by statute, whether the quantity be great or small.

2. ———— *Sales without License, void.* Where intoxicating liquors are sold without a license, the seller cannot recover therefor.

3. ———— "Courts of justice are instituted to carry into effect the laws of a country; and they cannot become auxiliary to the consummation of violations of law."

### Error from Shawnee District Court.

HOPE brought his action to recover $72 and interest for certain wines sold by him to *Dolson.* The case was tried upon an agreed statement of facts set forth in full in the opinion. The defendant claimed that, as *Hope* was not a licensed liquor-seller, the contract of sale was void under the statute, and no recovery could be had. The district court gave judgment for the plaintiff, and the defendant brings the case here on error.

*A. L. Williams*, for plaintiff in error :

1. At the time of the contract sued on, Hope was engaged in the sale of intoxicating liquors. He sold to plaintiff in error twenty-four quarts of Piper Heidsick champagne wine, (admitted to be intoxicating liquor,) to be used as a beverage. Hope had no license as grocer, dramshop-keeper, or tavern-keeper. From these facts the plaintiff in error is not legally bound to pay. Hope was, at the time of the sale, a dramshop-keeper, and as such, not entitled to recover the debt sought to be created : Ch. 35, Gen. Stat., p. 402, § 14 ; *Gorsuth v. Butterfield*, 2 Wis., 237.

2. The contract sought to be enforced arises from a palpable violation of the statute, and is therefore void. Gen. Stat., p. 400, § 3 ; Sedg. on Const. Law, p. 85 ; 24 Ver., 485 ; 21 id., 456 ; 17 Barbour, 397 ; 4 Hill, 424 ; 4 Comstock, 449 ; 7 Wendell, 276 ; 3 Denio, 226 ; 2 Peters, 527 ; 11 Wheat., 258 ; 10 N. H., 377 ; 17 Mass., 258.

The opinion of the court was delivered by

KINGMAN, C. J.: The agreed facts in the case made, and on which the court below made its findings, are as follows : " The plaintiff in the case, James G. Hope, was on the 25th day of March, 1870, engaged in selling wines, whiskies, brandies and intoxicating liquors generally by wholesale, (that is, he never sold in less quantities than one quart,) in the city of Topeka, county of Shawnee. He did not then have, nor has he ever had from the State of Kansas, the county of Shawnee, or the city of Topeka, or from any other tribunal, a license as grocer, dramshop keeper, or tavern keeper. He did have at the time of the sale, and before and after that time, a license

from the United States as a wholesale liquor-dealer. On the 25th of March, 1870, the plaintiff sold to the defendant on a credit, two baskets of Piper Heidsick wine, each basket containing twelve quart bottles of wine, the same being intoxicating liquors, to be used as a beverage, for seventy-two dollars. The defendant agreed to pay said $72 in ten days from the purchase, with interest from the 25th of March at seven per cent. per annum. Defendant has never paid said sum, or interest, or any part thereof, and avows an intention never to pay it."

From the facts so found, the court made these conclusions of law : " That the plaintiff was not at the time of said sale to defendant, a dramshop keeper, and that by law he is entitled to recover in this action." Judgment was entered accordingly.

This judgment is brought to this court for review, the counsel for plaintiff in error claiming that the contract sought to be enforced arises from a palpable violation of law, and is therefore void. The decision of the case involves the two questions suggested; first, is the act of defendant in error set forth in the case made in violation of law ? and second, if it is, does this preclude a recovery in an action ?

1. Sale of intoxicating liquors— when prohibited.

The first of these questions must be determined by the statute. Ch. 35, General Statutes, page 399, is entitled, " An act to restrain dramshops and taverns, and to regulate the sale of intoxicating liquors ; " and a careful examination of the whole statute shows with what evident care the legislature attempted to throw safeguards and restraints around a traffic deemed perilous to society. In the third section it is provided that, " Any person, without taking out and having a license as grocer, dramshop keeper, or tavern keeper, who shall directly or indirectly sell any spirituous, vinous, or fermented or other intox-

icating liquors shall be fined in any sum not more than one hundred dollars for each offense;" and for subsequent offenses an increased penalty is provided. It will be observed that the language of this section is as broad as possible. It is not confined to the dramshop keeper, the tavern keeper, or the grocer, to whom a license may be granted under sections one and two; but it declares that any person not having the license so prescribed, who shall sell intoxicating liquors, shall become liable to the penalties therein imposed. It makes no difference between the wholesale dealer and the retailer, nor whether the amount sold be a dram or a hogshead. Can the court interpolate an exception in favor of the wholesale dealer? It must do so, or he is included in the persons who are subject to the penalties of the law. And if we look beyond the section to the whole chapter, we shall not find ourselves invited to place the exception in the section. The next section using the same broad terms of "any person," prescribes penalties on those who shall "sell or retail" on Sunday, the Fourth of July, or upon an election day. By the terms used it excludes the idea that the statute is confined to those who retail. The sixth section prohibits in similar language the sale of intoxicating liquor to habitual drunkards, minors, etc., and prescribes a severe penalty therefor. Can it be said that it is less an offense to sell such persons a large quantity than a small? Would the wife, child, parent, brother or sister of the habitual drunkard, whose welfare is specially provided for in this section, be protected by a provision that allowed them to prevent the sale of a single dram to an unfortunate relative, but freely permitted the sale of twenty-four quarts? The terms used in the statute do not subject the law-making power to any such imputation. If we consider the objects to be obtained by the

enactment, the evils to be restrained, the language of the statute itself, or its title, we are alike constrained to hold that the contract sued on in this case is illegal.

Does this conclusion preclude a recovery in this action? This presents no new question. "The principle which enforces obedience to laws is carried out by declaring *2. Sales made without license are void.* contracts growing out of or based upon the infringement of a statute to be void, the courts refusing to aid either party in enforcing them. This is the general course of decisions in England and in this country. So, when sales of spirituous liquors are made in violation of the positive provisions of a statute, the sale being illegal, the whole transaction is void, and the seller can sustain no action therefor." Sedg. on Stat. and Cons. Law, 84, 85. Sustaining this principle, see *Roby v. West,* 4 N. H., 285; *Pray v. Burbank,* 10 N. H., 377; *Wheeler v. Russell,* 17 Mass., 258; *Boutwell v. Foster,* 24 Ver., 485; *Bancroft v. Dumas,* 21 Ver., 456; *Armstrong v. Toler,* 11 Wheaton, 258; *Burton v. Plankroad Co.,* 17 Barb., 397; *Gray v. Hook,* 4 N. Y., 449; *Pennington & Kean v. Townsend,* 7 Wend., 276; *Griffith v. Wells,* 3 Denio, 226; *Nellis v. Clark,* 4 Hill, 424, and *Bank of U. S. v. Owens, et al.,* 2 Peters, 527.

In this last case the reason is tersely given by Mr. Justice JOHNSON, thus: "No court of justice can in its nature be made the hand-maid of iniquity. Courts are instituted to carry into effect the laws of a country; how can they then become auxilliary to the consummation of violations of law?"

The plaintiff below could sustain no action on his sale; therefore the judgment is reversed, with directions to enter judgment for the plaintiff in error on the facts found.

All the Justices concurring.