THE STATE OF KANSAS V. JOSEPH H. PITTMAN.

1. DRAMSHOP LICENSE. It is not necessary under the dramshop act that a person who desires to keep a dramshop, tavern or grocery in an incorporated town or city, should procure a license therefor from the tribunal transacting the county business.

2. INFORMATION *for Selling Liquor without License; Requisites.* An information under the dramshop act charging that the defendant sold intoxicating liquor "in the town of Jacksonville, Neosho county," "without taking out and then having a license as grocer, dramshop-keeper, or tavern-keeper, *from the tribunal transacting the county business of said county of Neosho,*" is not sufficient. The words in italics should be omitted, or the words, "or from the council of any incorporated town or city," or some other words which would show that the liquor was not sold in any incorporated town or city under license from the city council, should be added, in order to make the information sufficient.

3. INCORPORATED CITIES AND TOWNS; *Proof of.* The court cannot take judicial notice whether a town or city is incorporated or not.

*Appeal from Neosho District Court.*

PITTMAN was tried upon an information charging him with selling intoxicating liquors "in the Town of Jacksonville," in violation of the dramshop act. The case was tried at the December Term 1872. The jury returned a verdict of guilty, and on motion the court, holding that "the information did not state facts constituting a public offense," arrested judgment, and discharged the defendant. *The State* appeals from said order and decision, and brings the case here for review. The averments of the information are sufficiently stated in the opinion.

*T. F. Rager,* county attorney, for The State:

1. The court below erred in sustaining the motion of defendant in arrest of judgment. The court held that the information did not charge a public offense. The information shows upon its face that it was presented by the prosecuting attorney of the county in which the court was held; the name of the defendant; that the offense was committed within the jurisdiction of the court, and was triable therein; and

the offense is clearly set forth in plain and concise language, and is charged with such a degree of certainty that the court may enter judgment thereon, according to the rights of the case, and is, therefore, sufficient. Criminal code, § 109; *The State v. McCord*, 8 Kas., 232. The information charges a public offense under § 3 of ch. 35, Gen. Stat. As to what need not be stated in an information of this kind, see § 13 of said chapter.

2. But defendant contends that such information is insufficient, because it states that such intoxicating liquors were sold by defendant, "without taking out and then having a license as grocer, dramshop-keeper or tavern-keeper, from the tribunal transacting the county business of said county of Neosho;" and this is the ground on which the court below ruled the information to be insufficient. In other words, the court held that, although everything necessary to be set forth in an information of this kind was set forth in this information, yet the words "from the tribunal transacting the county business of said county of Neosho," made the information insufficient, and therefore such court could not render judgment thereon. Is it a public offense, known to the laws of Kansas, to sell intoxicating liquors without a license as grocer, dramshop-keeper, or tavern-keeper, from the tribunal transacting the county business of the county in which such liquors are sold? If it is, then the court erred. (See §§ 1 and 3, Dramshop act.) Where such liquors are sold outside of an incorporated city, in this state, such sale is a public offense, unless the party selling such liquors has at the time a license as grocer, dramshop-keeper, or tavern-keeper, from the "tribunal transacting the county business of the county in which such liquors are sold," and no license from any other source as such would protect such person from the penalty of the law. But in this case it was suggested that the liquor in question *might* have been sold in an incorporated city, (although there is nothing in the information to cause this lofty flight of imagination,) and therefore it was necessary that the pleader should have negatived the defendant's having a license from

city authorities, or any other authority. The court cannot base the ruling on the ground that it took judicial notice of whether Jacksonville was an incorporated city or not, for if it had, it would have noticed that Jacksonville (the place where such liquor was sold) was *not* an incorporated city or town. If an information charging a violation of § 3 of the dramshop act should show upon its face that the intoxicating liquors charged to have been sold were sold in an incorporated city, and simply negatived the fact of the defendant's having a license from the county authority, without denying that he had such license from the city authority, it is conceded the information would be bad; but the information in this cause *does not* show upon its face, nor can it be gathered from any part of it, that the place where the liquors were sold was an incorporated city; and the court must judge of the sufficiency of a pleading from the pleading itself, and not from what "might have been." The defendant might have shown in his defense that the town where the liquors were sold was incorporated, if such were the fact. But if it could be ascertained from this information that the town where the intoxicating liquors were alleged to have been sold, was an incorporated city, the words "from the tribunal transacting the county business of said Neosho county" should be treated as surplusage. Criminal code, § 110.

*Stillwell & Baylies,* for the defendant:

To authorize a conviction of the defendant for a violation of § 3 of the dramshop act it was necessary for the state to *allege* and prove that the alleged sale of intoxicating liquors was made "without taking out and having a license." In § 1 of said act two distinct and different classes of tribunals or bodies are recognized as having authority to grant such a license; and the prerequisites which must be complied with to authorize the issuance of such license are explicitly stated. The fact being undeniable that other bodies than the "tribunal transacting county business" could rightfully have granted a license to the defendant, which would have been an effectual

bar to the action below, does it not then necessarily follow, that the information in this case did not state facts constituting a public offense, when it failed to negative the fact of the defendant's having a license from a source other than that specified in the informations? Especially ought this view of the case to be correct, in the light of the fact that the information filed against the appellee showed on its face that the alleged unlawful sale was made in a "town," the corporate authorities of which might have given the defendant ample authority lawfully to do the very act complained of.

It is not contended by the appellee, (nor was it in the court below,) that an information to be good under § 3 of said act should negative the fact of a license having been granted a defendant by any and all the tribunals in the county possessing such authority, by specifically naming, in the information, each and every such tribunal that might have been in existence at or prior to the time of the commission of the alleged offense. If the information in this case had simply used the words "without taking out and having a license," and there stopped, that allegation, in our opinion, would have sufficiently stated the fact of the defendant's lack of authority, under said section. But in this case, after inserting the allegation in the information that the sale complained of was made "without taking out and having a license," the pleader then saw fit to *modify* that very material averment, by stating, in effect, that this was the case only as regarded the act of the defendant in failing to procure such license from "the tribunal transacting the county business of Neosho county." In order, then, for a court to uphold this information as good, it must *presume* and *infer* that the defendant had been guilty of a criminal neglect of duty, and had not provided himself with a license issued by some other tribunal possessed of equal authority, in that respect, with the tribunal named in the information; a presumption which a court will refuse to entertain. "The information must be direct and *certain*, as it regards the party and the *offense* charged." (Crim. code, § 104.) In the information filed against the appellee, the fact

of his not being properly authorized to do the act complained of by somebody other than that named in the information, is left wholly *uncertain*, and consequently the motion in arrest of judgment was properly sustained.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution under §3 of the dramshop act, (ch. 35, Gen. Stat., 400.) The defendant was found guilty, and the court arrested the judgment on the ground that the information upon which the defendant was tried did not state facts sufficient to constitute a public offense. The information charges that the defendant sold intoxicating liquor in the town of Jacksonville, Neosho county, Kansas, "without taking out and then having a license as grocer, dramshop-keeper, or tavern-keeper *from the tribunal transacting the county business of said county of Neosho.*" This information was not sufficient. The dramshop act permits both the tribunal transacting the county business and the council of any incorporated town or city to issue licenses to dramshop-keepers, tavern-keepers, and grocers. (Gen. Stat., 399, §§ 1, 2.) But the act clearly does not require that any person should procure more than one license. If the person desiring the license proposes to sell liquors in an incorporated town or city he must procure the license from the city council; if he proposes to sell in some other place than an incorporated town or city, he must procure the license from the tribunal transacting the county business; and in either case license will be a sufficient protection to him from any prosecution under §3 of said act. That portion of said section third applicable to this question reads as follows:

"Any person without taking out and having a license as grocer, dramshop-keeper, or tavern-keeper, who shall directly or indirectly sell any spirituous, vinous, or fermented or other intoxicating liquors, shall be fined in any sum not more than one hundred dollars for each offense."

The information in this case merely charged that the defendant did not have a license from the tribunal transacting

the county business, and it did not charge that he did not have a license from the council of some incorporated town or city. In this the information was defective. If the information had omitted the foregoing words in *italics*, or if it had added these words, "or from the council of any incorporated town or city," or some other words which would have shown that the liquor was not sold in any incorporated town or city under a license from the town or city council, the information would have been sufficient. Of course, the court cannot take judicial notice whether the town of Jacksonville, or any other town or city in Kansas, is incorporated. Towns and cities in Kansas are incorporated only under general laws. Before they can be incorporated under such laws they must have the requisite population. Whether Jacksonville has the requisite population or not, or whether it has all the other requisites or not, or whether it has ever been incorporated or not, we cannot take judicial notice. The judgment of the court below is affirmed.

All the Justices concurring.