The opinion of the court was delivered by
Valentine, J.:
This was a controversy about a portion of the town-site of the town of Liberty, Montgomery county. Under the laws of the United States and of this state, whenever any public land of the United States has been settled upon and occupied as a town-site, and the town is not incorporated, it is the duty of the probate judge upon being furnished with the entrance money to enter such land for the benefit of the occupants of such town-site, according to their respective interests: 14 U. S. Stat. at Large, 541; Gen. Stat. of Kas., 1073; Sherry v. Sampson, 11 Kas., 611; Winfield Town Co. v. Maris, 11 Kas., 128. The laws of the United States make it lawful for the probate judge to so enter said land, and our own laws make it his duty, to do so. And any contract made by one of the occupants of such town-site with a third person, that the probate judge shall not so enter said land, is illegal and void. If all the occupants of said town-site should unite in said contract with said third person, whether the contract would be void or not, we express no opinion. And an agreement on the . part of said third person, in consideration of said illegal contract, that he will enter said land and then deed a portion thereof (to-wit, that portion occupied by said occupant,) to said occupant, being founded on an illegal consideration is also illegal and void. 1 Parsons on Contr., (5 ed.,) 456 to 459, and cases there cited; Sedgw. Stat. and Const. Law, 84, et seq., and cases there cited; Dolson v. Hope, 7 Kas., 161, 165. And therefore, where such an illegal contract is made, and the probate judge does not enter said land, but said third person does, and then said third person refuses to *67 further fulfill his contract, a court of equity will not specifically enforce the performance of said contract as against said third person' and in favor of said occupant.
The judgment of the court below is affirmed.
All the Justices concurring.