THE CITY OF SALINA V. OSCAR SEITZ.

LICENSES; INTOXICATING LIQUORS; SALES BY DRUGGISTS; *Cities of Third Class; Ordinances; Powers and Jurisdiction.* In July 1871, the city of Salina, a city of the third class, passed an ordinance providing for the issuance of licenses upon certain terms and conditions to persons to sell intoxicating liquors, and providing for punishing by fines such persons as should sell intoxicating liquors without taking out or having such a license. Said ordinance with some amendments is still in force. During the year 1874 the defendant was a druggist, and kept drugs, medicines and intoxicating liquors for sale in said city. He did not take out or have any license to sell intoxicating liquors. He employed a clerk for the drug store, and authorized said clerk to sell said drugs, medicines, and intoxicating liquors. On May 16th 1874, said clerk sold, in said drug store, one gallon of said intoxicating liquor. The city of Salina immediately commenced a prosecution against the defendant for selling said liquor in violation of said ordinance. The action was commenced before the police judge of said city. It was afterward taken on appeal to the district court, and there tried again on its merits. The defendant was found guilty in the district court, and sentenced to pay a fine of $50. *Held,* that said ordinance was and is valid; that each of said courts had jurisdiction to try the cause; that no error is perceived in the rulings of the court below; and that the defendant would have been liable even if said liquor had been sold for medical purposes only.

*Appeal from Saline District Court.*

THE facts of this case are sufficiently stated in the opinion, *infra.* The provisions of the city ordinance under which *Seitz* was convicted, are sufficiently stated in the appellant's brief. *Seitz* was convicted at the June Term 1874, and he brings the case here on appeal.

*J. G. Mohler,* for appellant:

This prosecution was for an alleged violation of city ordinance No. 48, regulating the sale of intoxicating liquors, passed by the city counsel of the city of Salina, and approved July 21st 1871. The section claimed to have been violated reads as follows:

"SEC. 4. Every person who shall without first taking out

and having a license as aforesaid, [referring to preceding sections of said ordinance,] directly or indirectly sell or offer for sale any spiritous, vinous, fermented, or intoxicating liquors, within the limits of the city, shall upon conviction be fined in any sum not less than fifty nor more than one hundred dollars."

Upon trial before the police judge a conviction was had, and an appeal was taken to the district court. In the district court appellant filed plea in abatement, raising the question of the authority of the city council to enact said ordinance No. 48. Upon the trial of the truth of said plea, evidence was submitted and said plea was by the court overruled, and exceptions taken by appellant. If the city council had no authority to enact said ordinance, as is claimed by appellant, then all proceedings in the case were without jurisdiction, and void, and the district court should have sustained the plea in abatement. The police judge of the city of Salina could have no jurisdiction if said ordinance was invalid; and if the police judge had no jurisdiction, the district court could have none: 19 Wis. 193; 24 Wis. 594; 27 Wis. 462.

Had the city council authority to enact ordinance No. 48? "The powers of all corporations are limited by the grants in their charters, and cannot extend beyond them." 21 Ill. 205; 1 Dill. Munic. Corp. 173, *et seq.* Courts adopt a strict rather than liberal construction of powers. Is power granted in ch. 60, Laws of Kansas 1871, to cities of the third class to enact ordinances such as No. 48 enacted by the city of Salina? Said ordinance is almost a *verbatim* copy of the Dramshop Act, (Gen. Stat. 399.) Sec. 4 of ordinance No. 48 is almost an exact copy of § 3 of the dramshop act. In '§ 3 of dramshop act it is provided, that any person selling liquor without license shall be fined not more than one hundred dollars. Sec. 4 of ordinance No. 48 provides a fine of not less than fifty dollars, nor more than one hundred dollars. The dramshop act is operative in all portions of the state. Cities of the third class are not exempt from the operation of its provisions: *Alexander v. O'Donnell*, 12 Kas. 608. Nowhere in the charter of cities of the third class is power

to enact ordinances to prohibit the sale of intoxicating liquors expressly granted. This was not a prosecution for a violation of a city ordinance restraining, prohibiting, or suppressing tippling-shops. "Tippling-shop" has a well-known meaning in the law. *City of Emporia v. Volmer*, 12 Kas. 622. Appellant was not charged with keeping a tippling-shop, but with a single sale of whisky. Ordinance No. 48 was manifestly not enacted to carry out any authority granted in § 50 of said city-charter act of 1871. In the court below authority for the enactment of ordinance No. 48 was claimed under § 66 of said act, the "general-welfare clause" of the charter. "A general grant of power, such as mere authority to make by-laws, or authority to make by-laws for the good government of the place, and the like, *should not* be held to confer authority upon the corporation to make an ordinance punishing an act—for example, an assault and battery—which is made punishable as a criminal offense *by the laws of the state*. The intention of the state, that the general laws shall not extend to the inhabitants of municipal corporations, or that these corporations shall have the power to supersede the state law, will not be inferred from grants of power general in their character; nor will such authority in the corporation be held to exist as an implied or incidental right." 1 Dill. Munic. Corp. 401; 1 Ark. 201; 33 N. H. 424.

The appellant insists that the city council had no authority to enact such ordinance, there being a general statute of the state—Dramshop Act—regulating the sale of intoxicating liquors, and punishing a sale in violation of law; that the prosecution in this case should have been under the dramshop act before a justice of the peace, or in the district court, and not in the municipal court. 1 Dill. Munic. Corp. 89.

The opinion of the court was delivered by

VALENTINE, J.: The facts of this case are substantially as follows: On July 21st 1871 the city of Salina was and has since hitherto been a city of the third class. On that day said city passed an ordinance providing for the issuance

of licenses upon certain terms and conditions to persons to sell intoxicating liquors, and providing for punishing by fine such persons as should sell intoxicating liquors without taking out or having such a license. Said ordinance with some amendments is still in force. During the year 1874 the defendant, Oscar Seitz, was a druggist, and kept drugs, medicines, and intoxicating liquors for sale in said city of Salina. He did not take out or have any license to sell intoxicating liquors. He employed one J. M. Champion as a clerk in the drug store, and authorized Champion to sell said drugs, medicines, and intoxicating liquors. On May 16th 1874 said clerk sold to one Claus Fair in said drug store one gallon of said intoxicating liquor. The city of Salina immediately commenced this prosecution against the defendant for selling said liquor in violation of said ordinance. The action was commenced before the police judge of said city. It was afterward taken on appeal to the district court, and there tried again on its merits. The defendant was found guilty in the district court, sentenced to pay a fine of $50, and he now appeals to this court.

The defendant claims that all the proceedings connected with this case from the beginning to the end were void; that the ordinance was void; that the proceedings before the police judge were void; that the proceedings in the district court were void; that neither court had any jurisdiction to try the defendant for such supposed offense; and that the district court committed other errors during the trial of the cause. Every claim of the defendant however we think is untenable, and therefore every question raised by him must be decided against him. The said ordinance is valid. (Dramshop Act, Gen. Stat., pp. 399, 400, §§ 1, 2, 3; Laws of 1869, pp. 86, 87, §§ 28 and 29, and especially subdivisions 4 and 5 of § 29; Laws of 1871, ch. 60, §§ 23, 48, 50, 66, 94; Laws of 1872, p. 234, § 2; *The State v. Pittman,* 10 Kas. 593, 597; *City of Emporia v. Volmer,* 12 Kas. 622, 633; *Neitzel v. City of Concordia,* 14 Kas. 446; *Williams & Pattee v. Louis,* 14 Kas. 605.) And said courts had jurisdiction to try the cause.

(Laws of 1871, ch. 60, art. 5, and especially §§ 72, 73, and 84, and cases above cited.) And we perceive no error in any of the proceedings.

Even if said liquor had been sold for medical purposes only, the defendant would still have been liable.

The judgment of the court below must be affirmed.

All the Justices concurring.