STATE OF KANSAS v. ROBERT L. SIMMONS.

DRAMSHOP ACT, *Construed.* Cities of the third class have the power to issue licenses to dramshop-keepers for the sale of intoxicating liquors for a period of less than one-fourth of a year, which licenses may be made to expire on or at any time prior to the first day of May next after the same are issued.

### Appeal from Neosho District Court.

AT the April Term, 1878, of the district court, *Simmons* was tried and found guilty of an alleged violation of the dramshop act, and sentenced to pay a fine of $20 and the costs of the prosecution. From this judgment he appeals to this court.

*Hutchings & Denison,* for the appellant.

*T. F. Rager,* for the appellee.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for an alleged violation of the dramshop act. (Gen. Stat. 399.) That the defendant sold intoxicating liquors in the city of Chanute, a city of the third class, is admitted; but, on the other hand, it is also admitted that he sold said liquors under a license issued by said city. The only question is, therefore, whether said license is valid, or not. That cities of the third class have power to issue licenses to sell intoxicating liquors, has already been settled affirmatively by the decisions of this court. (*State v. Pittman,* 10 Kas. 593, 597; *Salina v. Seitz,* 16 Kas. 143, 146, and cases there cited; *State v. Young,* 17 Kas. 414.) Therefore the only question now to be considered is, whether said license was issued properly and regularly, or not. It was issued to be in force from May 10, 1878, to August 1, 1878, and the sum paid therefor was $56.95. The prosecution claims that this license was and is void, (1) because it was not issued to be in force up to May 1, 1879; (2) because the

amount paid therefor was not sufficient to keep the license in force up to May 1, 1879; (3) because the amount paid therefor was not the amount required by the city ordinance for even one-fourth of a year.

The same statute which authorizes cities of the third class to issue licenses for taverns, dramshops, saloons and to liquor-sellers, also authorizes such cities to issue licenses for almost all other kinds of business carried on in cities, including that of auctioneers, and including some kinds of business which are seldom carried on continuously, but only for a few days at a time. See § 48 of the third-class city act, laws of 1872, p. 234, § 2.

Section 49 of said act, laws of 1871, pp. 130, 131, provides that "all license taxes shall be regulated by ordinance, and except for shows, theaters and other exhibitions, shall expire on the first day of May next after the same are issued, and shall be at such rate per year as shall be just and reasonable. No license shall be issued until the amount prescribed therefor shall be paid to the city treasurer."

The ordinance of the city, under which the present license was issued, provides that "for every license to a dramshop keeper there shall be levied a tax, payable quarterly in advance, of two hundred and fifty dollars for every period of twelve months."

This court has already in effect decided that an auctioneer's license need not be continuously in force for a year, or until the first day of the next May succeeding its issuance, nor even for a quarter of a year, but that it may be issued for a less time, the applicant paying therefor five dollars per day. (*Fretwell v. Troy*, 18 Kas. 271.) And this decision is equally as applicable to licenses issued to dramshop-keepers, as to licenses issued to auctioneers.

The license in the present case was not to run beyond "the first day of May next after it was issued;" the amount charged therefor was at the "rate per year" of $250, which amount is presumptively "just and reasonable;" the amount was paid in advance; and all was paid that was due for the first quar-

ter.   It will be noticed that ten days of the first quarter had already elapsed when this license was issued; and the defendant therefore paid for only the remaining portion of the quarter.

Cities of the third class have the power at any time in the year to issue licenses authorizing dramshop-keepers to sell intoxicating liquors up to the first day of May next after the licenses are issued, but such cities are not bound to exercise all of this power in any particular case.   They may exercise all of it if they choose, or they may exercise only a portion thereof by issuing licenses for only a portion of the time.   It is not the intention of the law to compel cities of the third class, when issuing licenses, to issue them for the whole period of time preceding the first day of the next May thereafter, but it is simply *to prohibit* such cities from issuing licenses to extend *beyond* that time.   Good reasons may be given why a license should not be allowed to run for any great period of time, but no good reason can be urged why cities should not be invested with a large amount of discretion in issuing licenses for short periods of time.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.