## THE STATE OF KANSAS v. A. J. PITZER.

1. DRAMSHOP ACT; *Indictment.* In an indictment for selling liquor without license, the pleader, if he attempts to negative the forms of license by name, should include all the different forms of license by which authority to sell liquor may be granted.

2. INDICTMENT, *When Not Sufficient.* The dram-shop act names only three forms of license: dramshop, tavern, and grocer; but the act providing for cities of the second class authorizes the city council to issue licenses in other forms. Therefore, where the selling is charged to have been done in such a city, the indictment is insufficient if, attempting to specify the forms of license, it simply negatives the three forms named in the dramshop act.

*Appeal from Franklin District Court.*

INDICTMENT against *Pitzer,* for selling intoxicating liquor without duly taking out and having a license so to do. At the May Term, 1879, the district court sustained defendant's motion to quash the indictment filed against him, and discharged the defendant to go hence without day. *The State* appeals.

*W. L. Parkinson,* for appellant.

*C. R. Meigs,* for appellee.

The opinion of the court was delivered by

BREWER, J.: This is an appeal by the state from a ruling of the district court quashing an indictment. The indictment was for selling liquor without a license, and charged the selling "without taking out or then having a license as grocer, dramshop-keeper, or tavern-keeper." The point made was, that in the city of Ottawa, a city of the second class, where the selling was charged to have been done, the defendant might lawfully sell liquor under a license in form as for keeping a saloon, or simply for the sale of liquor, and that as this was not negatived in the indictment, it was defective. The dramshop act prohibits the sale of liquor without a license as grocer, dramshop or tavern-keeper. The act concerning cities of the second class, a subsequent statute, grants exclusive authority to the city council to levy and collect a license tax on several avocations, among them that of saloon-keeper and liquor-seller. It is not denied that a license must be obtained, or questioned that the indictment would have been good, if it had charged the selling to have been without any license therefor, but it is insisted that in such cities the form of the license need not be that of a grocer's, dramshop or tavern-keeper's license, but may be in the general form of a license to sell liquor. It is said that the pleader, having added unnecessary words of description and limitation, is concluded by them, and, having negatived only certain forms of

license, and not having negatived all the forms of license, has not affirmatively charged a crime. It is familiar law, that where words of limitation or description are used in an indictment or information, the state is concluded by them. Thus, in case of the larceny of a horse, if the charge is of stealing a horse without any description of color, evidence is competent of the stealing of a horse of any color, but if the charge is of stealing a white horse, evidence of the stealing of a black horse is incompetent. In such case the state, by its language of description, has limited the inquiry to the larceny of a horse of the particular color. We think that rule applicable here. The state charged the selling not generally without any license therefor, but specially without a license in either of three forms. The inquiry would therefore be limited to those three forms; but in a city of the second class the license need not be in either of these, and if it were shown that he had no license in either of those, it would not follow that he had no license in another form, and therefore it would not appear that he had sold without any license, or had violated the law in selling. That a license not in either of the three forms named, but generally to sell liquor issued in a city of the second class, would be valid, and a protection to the seller, was decided by this court in the case of *Williams, et al., v. Louis,* 14 Kas. 605.

It is true that the essence of all these various forms of license is the authority to sell liquor, and this fact was recognized in the case just cited. So that if the indictment had negatived simply this essential element, it would have been sufficient as hitherto stated. But where the pleader rests on the forms and not on the essence, he must include all the forms. Suppose the indictment had charged the selling without a tavern-keeper's license only, would it not instantly occur to any one that the defendant might have a grocer's license as named in the dramshop act, and so be guilty of no violation of the law? The essence of each is the authority to sell liquor, but charging the want of one does not negative the existence of the others. And the act concerning cities of

the second class must be construed in connection with the dramshop act, being equally expressions of the legislative will; and as new forms of license are named in the former, the indictment should have negatived those forms.

The case of *The State v. Pittman*, 10 Kas. 593, in principle sustains this decision, though some expressions in the opinion are apparently opposed. There the pleader named one tribunal, and charged that there was no license from that. As license might have come from another tribunal, we held the indictment insufficient, because it did not negative a license from such tribunal. That was the point decided. The question now before us was not in our minds, and any expressions then used, apparently sustaining the sufficiency of this indictment, must be construed as applicable solely to the question then under consideration.

The ruling of the district court will be affirmed.

All the Justices concurring.