HOWE
v.
APPEAL from the *Shelby* Court of Common Pleas.   THE STATE.

———————

HOWE *v.* THE STATE.

APPEAL from the *Hamilton* Court of Common Pleas.   Saturday
June 19.
*Per Curiam.*—Information against *Samuel Howe* for re-
tailing. Conviction and fine of 20 dollars. A motion to
quash was made and overruled before the trial.

| 10b | 423 |
| 149 | 235 |

The record does not disclose, expressly, as to the statute
under which the prosecution was instituted, but we con-
clude it was under the liquor law of 1855. If so, the in-
formation should have been quashed, because that law is
unconstitutional and void. This is the unanimous opinion
of the Court (1).

But suppose the prosecution to have been under the
liquor law of 1853, still the information should have been
quashed because it contains no negative of a license to
sell. As the act of 1853 was a license law, an informa-
tion founded upon it should negative that the defendant
had license to sell. 3 Wat. Arch. p. 609-78. U. S. Crim.
Law, 524, *et seq.* The question, therefore, whether the act
of 1853 is in force does not arise in this case.

The judgment is reversed. Cause remanded to be dismissed.

*D. Moss*, for the appellant.

(1) *O'Daily* v. *The State*, 9 Ind. R. 494.