# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT THE JANUARY TERM, 1865.

———————o———————

## DAVIS vs. THE STATE.

[INDICTMENT FOR DISTILLATION OF GRAIN WITHOUT LICENSE.]

1. *Sufficiency of indictment; negativing proviso or exception.*—An indictment under the act approved December 8th, 1862, which makes it unlawful for any person to distill grain into spirituous liquor, "unless employed or authorized by the governor so to do," (Session Acts, 1862–3, p. i1 ) must aver that the defendant was not authorized or employed by the governor.

FROM the Circuit Court of Tallapoosa.
Tried before the Hon. ROBERT DOUGHERTY.

THE indictment in this case was found at the March term of said circuit court, 1864, and charged that the defendants, James M. Davis and four others, " did distill, or convert into spirituous, vinous, or intoxicating liquor, corn, or the product thereof, or other grain; against the peace and dignity," &c. After conviction, the defendant Davis moved in arrest of judgment, on account of the insufficiency of the indictment, " because the charges and averments therein contained are not sufficient in law to warrant a judgment being thereon rendered against said defendant." The court overruled the motion in arrest, and the defendant excepted to its decision.

33

W. P. Chilton, and S. F. Rice, for the defendant, cited the following authorities: *Commonwealth v. Thurlow,* 23 Pick. 374; *State v. Loftin,* 2 Dev. & Bat. 365; *Francois v. The State,* 20 Ala. 83; Wharton's American Criminal Law, §§ 378–80, and note; 1 Greenl. Ev. §§ 78–81.

M. A. Baldwin, Attorney-General, *contra,* cited *Clark v. The State,* 19 Ala. 552; 1 Chitty's Criminal Law, 284; Archbold's Crim. Pl. 52; 2 Hawk. P. C. 113; 2 Stra. 1101; 1 Lord Raymond, 120; 1 East, 647, note; 2 Pick. 141; 2 Nott & McC. 365; 18 Vermont, 197; 1 Johns. 513; 3 *ib.* 438; 4 *ib.* 304.

A. J. WALKER, C. J.—On the 8th December, 1862, an act was adopted, which, in its first section, declares it to be unlawful for any person to distill grain, "*unless employed or authorized by the governor so to do.*" The second section invests the governor with power to have such quantity of grain distilled as may, in his judgment, be consistent with the common defense and general welfare. The third section prescribes, that distilling, "in contravention of the act," shall be a misdemeanor, and also prescribes the punishment. The indictment in this case fails to aver that the defendant was not employed or authorized by the governor to distill grain, as he is alleged to have done. This is a fatal defect. It is the first section which describes the offense, and that section, consisting of a single clause, contains the exception. Whenever this is the case, it is necessary to negative the exception.

The rule is thus expressed in the books: "If there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception within a subsequent clause, or subsequent statute, that is matter of defense, and is to be shown by the other party." The reason given for the rule is, that, "unless an exception in the enacting or general clause in a statute or contract is negatived *on pleading* the clause, no offense, or no cause of action, appears in the indictment or declaration: the case provided for in the clause pleaded, is not made out on the record. But, when

the exception or proviso is in a subsequent substantive clause, the case provided for in the enacting clause may be fully stated without negativing the subsequent exception or proviso."—1 Bennett & Heard's Leading Cases, 250, and note, in which will be found an extensive collation of authorities.

The indictment here is framed upon the first section. That is the section pleaded, and it is that which describes the offense. The exception is contained in it; and the offense described is not stated, without a negation of the exception. The question here is entirely different from that which was presented in *Clark v. The State*, 19 Ala. In that case, the indictment was founded on a section which contained two distinct clauses, the latter being a proviso. Here, the section contains no divisible clauses.

Reversed and remanded.