*A. J. Roush*, for appellant.

---

## VOGEL v. THE STATE. Three Cases.

### RISSEL v. THE STATE.

CRIMINAL LAW.—*Information.*—*Arrest of Judgment.*—An information which is so uncertain that upon a plea of guilty the court cannot know what punishment it may affix, is bad on motion in arrest of judgment.

SAME.—*Sunday.*—*Liquor Law.*—Information charging, that "A., at, &c., being over fourteen years of age, on, &c., that being the first day of the week, commonly called Sunday, was found unlawfully at common labor and engaged in his usual avocation, to wit, selling and dealing out to B. two gills of whiskey, and receiving therefor twenty cents," &c.

*Held*, that as it did not appear from the information whether or not the defendant had a license, it was bad on a motion in arrest based upon the ground that it did not state facts sufficient to constitute a public offense.

APPEAL from the Dearborn Common Pleas.

FRAZER, J.—These cases are exactly alike. The information charges, that "A., at, &c., being over fourteen years of age, on the 17th day of February, 1867, that being the first day of the week, commonly called Sunday, was found unlawfully at common labor and engaged in his usual avoca-

tion, to wit, selling and dealing out to B. two gills of whiskey, and receiving therefor twenty cents," &c.   The plea of the defendant was, "that he is guilty as therein charged, but he says that on the said 17th day of February, 1867, he was duly licensed to retail intoxicating liquors under the act of March 5th, 1859." And thereupon, without any trial, a fine of five dollars was assessed by the court, and judgment entered thereon, after overruling a motion by the defendant in arrest of judgment based upon the ground that the information did not state sufficient facts to constitute a public offense.

The only error assigned is, that the motion in arrest was overruled.

There is no argument for the State.   The information seems to have been a copy of one which was held good by this court in *Voglesong* v. *The State,* 9 Ind. 112.   But since that case the legislature has passed several acts which we think very materially affect the question.   Now, only those who are licensed can lawfully engage, on any day, in the business of selling liquors in less quantity than a quart, without incurring a penalty.   Those who are so licensed are subject to a special penalty for doing it on Sunday, which is more severe than that which the law imposes upon other violations of the Sabbath.   1 G. &. H. 614; Acts Spec. Sess. 1865, p. 197.

The obvious purpose of the pleader was to charge an ordinary violation of the Sabbath, punishable as a violation of the act of 1855 for the protection of the Sabbath.   But it is impossible to learn from the information whether the defendant violated that act or the act of 1865, *supra.*   Indeed, if he had no license to sell liquor, then the act charged was unlawful on any day and punishable by a higher penalty than as a mere violation of the Sabbath.   The sum of the matter is, that it could not be ascertained from the information what statute the defendant had violated, inasmuch as it was not alleged whether or not he had a license;

and the court could not upon a simple plea of guilty have known what punishment to assess. If licensed, the fine could be any sum not less than ten dollars nor more than fifty dollars; whereas an ordinary violation of the Sabbath might be punished by a fine in any sum from one dollar to ten dollars. From necessity, an information which is so uncertain that upon a plea of guilty the court cannot know what punishment it may affix, is bad on motion in arrest of judgment. It charges no particular public offense, and the second clause of section 144 of the criminal code settles the question.

Reversed and remanded, with directions to sustain the motion in arrest of judgment.

GREGORY, J., dissented.

*J. Schwartz,* for appellants.

*D. E. Williamson,* Attorney General, for the State.