## STEVENSON v. THE STATE.

**LIQUOR LAW.**—*Sale without License.—Indictment.—Evidence.*—An indictment for selling intoxicating liquors without license must allege, though the State need not prove, that the defendant had no license when the sale charged was made.

**SAME.**—*Barter.—Gift.*—Proof of a barter or gift of intoxicating liquors will not support an indictment charging a sale.

**SAME.**—*Sale on Credit.*—Proof of a sale upon credit may be sufficient to support such indictment.

**SAME.**—*Sale by Defendant or His Agent.*—A sale by the defendant, or by one horized by him to make it, to the person named in the indictment, must roved to justify a conviction.

om the Fountain Circuit Court.

*A. Tipton* and *S. F. Wood*, for appellant.

*W. Woollen*, Attorney General, *A. P. Harrell*, Prosecuting Attorney, and *T. L. Stilwell*, for the State.

PERKINS, J.—Indictment against John Stevenson, charging that he, " on or about the 7th day of December, 1878," at, etc., " did then and there unlawfully sell to John Joiner, intoxicating liquors, in a less quantity than a quart at a time, for the price of twenty-five cents, he, the said Stevenson, not being then and there licensed," etc.

The indictment was returned on the 12th of December, 1878. No objection was taken to it.

The defendant pleaded not guilty. Trial by the court; conviction; motion for a new trial, on the ground that the conviction was contrary to the law and the evidence, overruled; a fine of twenty-five dollars assessed, and the costs adjudged against the defendant; exception entered, and an appeal taken to this court, in which there is an assignment of one, and only one, alleged error, viz.: That the finding of the court was contrary to the law and the evidence.

The evidence is in the record, and we copy it:

"I bought intoxicating liquor of the defendant in November, 1878, by a less quantity than a quart at a time. I paid for it. This was in Fountain county, Indiana. Bought a drink. I did not pay the money for it. I was hauling wood for the defendant, and expected him to take it out of the price of the wood. I have never had a settlement for the wood yet; don't know whether he charged me with the drink or not. I got the drink in his house, but don't know whether the defendant is the person who let me have it or not. I am not sure whether he was there or not. It may have been his book-keeper. Defendant kept a saloon in Veedersburgh, Fountain county, Indiana, and during the time I was hauling the wood, in the fall of 1878, I was in the saloon several times, and got drinks of whiskey when defendant was present. And this was all the evidence given in the cause."

This was an indictment for selling intoxicating liquor in a less quantity than a quart, to John Joiner, without license; and it was necessary to prove such sale on the trial of the cause, to justify a conviction of the appellee. The indictment did not allege a barter or gift of the liquor.

It was not necessary to such conviction that the State should prove that the appellee had not a license to retail, though it was necessary that the possession of such license should be negatived in the indictment. *Shearer* v. *The State*, 7 Blackf. 99; *Howe* v. *The State*, 10 Ind. 423; Bicknell Crim. Pr. 443.

The sale is charged to have been made by the appellee. It was necessary to prove, to sustain this charge, that it was made, or authorized to be made, by him, and was expressly, or impliedly, for cash, but might have been on credit. A sale on credit might be within the statute. The liquor furnished in the instance particularly described in the testimony is not shown to have been sold by the appellee, yet the testimony showed that the witness " got drinks of whiskey several times in the fall of 1878, in the saloon of the defendant at Veedersburgh, in Fountain county, Indiana, when the defendant was present." These drinks were all prior to the finding of the indictment in this case, and were within the statute of limitations.

Upon the evidence in this cause, the conviction of the appellant was erroneous.

1. It was not proved that any liquor was sold to John Joiner, the person named as the purchaser in the indictment.

2. The instances particularly described in the testimony given on the trial, it is not proved that the sale was made or authorized by the appellant.

3. The drinks which the nameless witness got, " in the fall of 1878," were not proved to have been sold to anybody.

The judgment is reversed, and the cause is remanded for a new trial.