D. Overmeyer, for appellant.

------

## AUTHUR MASSEY V. THE STATE OF INDIANA.

*Liquor Law—What Constitute a Sale to a Minor.*—A sale implies the transfer of property for money, though time may be given for payment. And so when a liquor dealer furnishes a minor with liquor and receives in payment therefor pool-checks, worth the price of the liquor, the transaction is not a sale, but a barter, and does not violate the law.

Filed June 24, 1881.
Appeal from Benton Circuit Court.
Opinion of the court by Mr. Justice Worden.

The appellant was indicted in the court below for selling liquor to a minor, the indictment charging that the defendant did " unlawfully barter and sell to one William Wood, a certain intoxicating, spirituous and malt intoxicating liquor, at and for the price of ten cents," with an averment of the minority of Wood.

On trial the defendant was convicted, and a motion made by him for a new trial was overruled.

The evidence on the subject of the sale was as follows:   Levi Waldrup testified:  " I was in the defendant's saloon the fore part of September, 1880 ; I saw William Wood drink two glasses of lager beer.   It was less than a quart.   Wood gave the defendant two pool checks for the beer.   The beer was sold by the defendant to Wood in Oxford, Benton county, Indiana, during the first part of September, 1880. * * * I know the liquor was intoxicating. * * * Wood got the liquor of the defendant. * * * I am positive it was lager beer."

John A. Cox testified:  " In September last, defendant kept saloon in Oxford.   I was there when Waldrup, the marshal, was. I took some beer with Wood ; it was intoxicating liquor ; it was what we call lager beer.   It would make a man drunk if he would drink enough of it.   It was a less quantity than a quart.   Wood turned over checks that we call pool checks for the beer.   The pool checks were worth five cents apiece, and were sold by the defendant at five cents each, to be taken up in beer.   The beer was worth five cents a glass.   Wood called for the beer and asked me to drink with him, and I did so."

The appellant claims that there was a fatal variance between the allegation and proof, in this, that he was charged with selling spirituous and malt liquor, whereas the proof shows the sale of malt liquor only.   We pass this question, as there is another variance between the proof and the allegation, also insisted upon by the appellant, which we think is fatal to the conviction.

The indictment must be construed as charging a sale of the liquor, as it is alleged to have been sold for the price of ten cents. This imports a sale, and not a barter, and the word barter, in the indictment, may be regarded as surplusage.   *Leary* v. *The State*, 39 Ind. 360.   Regarding the indictment as charging a sale of the

liquor to Wood, it remains to inquire whether the evidence supports the allegation.

Wood paid no money for the liquor, nor did he buy it upon credit, to be thereafter paid for in money. He exchanged the pool checks for it.

A sale implies the transfer of property for money, though time may be given for payment. *Stevenson* v. *The State*, 65 Ind. 409.

It was shown that the defendant sold the pool checks at five cents a piece, and that they were worth five cents, and were to be taken up in beer. It does not appear, however, if that would make any difference in the case, that the defendant sold the checks to Wood; or how or from whom Wood got them.

The case is simply this: Wood had in his possession two pool checks which the defendant had sold to some one for five cents apiece, which were worth five cents apiece, and were to be taken up in beer. These pool checks Wood exchanged for beer.

It seems to us to be clear that this was not a sale of the beer to Wood.

The judgment below is reversed, and the case remanded for a new trial.

M. H. Walker and L. D. Hamley, for appellant.

Attorney General, David L. Bishop and W. W. Thornton, for appellee.