UNITED STATES v. FELDERWARD.

*(Circuit Court, D. Oregon.   October 29, 1888.)*

**1. INDICTMENT AND INFORMATION — DESCRIPTION OF OFFENSE — STATUTORY EX-
CEPTION.**
Where a statute declares an act done in the absence of certain circumstances
to be a crime, an indictment charging the commission of such a crime must
negative the existence of such circumstances.

**2. PUBLIC LANDS — INCLOSING PUBLIC LANDS — INDICTMENT.**
An indictment under the act of February 25, 1885, (23 St. 321,) for unlawfully
inclosing a portion of the public lands, must show that the defendant is not
within any of the exceptions permitting such inclosure.

*(Syllabus by the Court.)*

At Law.   Indictment for unlawfully inclosing the public lands.

*Lewis L. McArthur*, for the United States.

*James F. Watson*, for defendant.

DEADY, J.   Section 1 of the act of February 25, 1885, (23 St. 321,)
prohibits and declares unlawful "all inclosures of the public lands * * *
by any person   * * *   to any of which land   * * *   the person
* * · *   making or controlling the inclosure had no claim or color of
title made or acquired in good faith, or an asserted right thereto by or
under claim made in good faith, with a view to entry thereof at the
proper land-office, under the general laws of the United States, at the
time any such inclosure was or shall be made;" and section 4 of the act
declares that any person "violating any of the provisions" of the act "shall
be deemed guilty of a misdemeanor," and fined not exceeding $1,000,
and imprisoned not exceeding one year.

By the indictment in this case the defendant is accused of a violation
of this statute in inclosing 640 acres of the public lands in township 20
S., of range 11 E., of the Wallamet meridian.

The defendant demurs to the indictment, because the facts stated
therein do not constitute a crime.

The demurrer to the first count, because of a clerical omission, is con-
fessed, while that to the second one is contested.

It is alleged in this count that on August 1, 1885, the defendant "did
wrongfully and unlawfully erect and construct an inclosure on the public
lands of the United States, by which he without any lawful claim or
color of title acquired in good faith, inclosed 640 acres" of the public
lands, as aforesaid.

The point made by counsel on the argument of the demurrer is that
the pleading does not negative all the exceptions contained in the statute;
that it is not enough to say that the inclosure was made "without any
lawful claim or color of title acquired in good faith," but the indictment
must go further, and negative the exception immediately following, by
alleging that the inclosure of the land was not made under "an asserted
right thereto, by or under claim made in good faith with a view to entry
thereof at the proper land-office under the general laws of the United
States."

It is commonly said that where an exception is contained in the exacting clause of a statute the indictment must show that the defendant is not within it; but, if it is found in a subsequent clause or statute, then it is a matter of defense, to be shown by the accused. *Nelson* v. *U. S.* 30 Fed. Rep. 116.

In *U. S.* v. *Cook*, 17 Wall. 173, it is said that the exception must not only be in the enacting clause, but must be "so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted."

Dr. Wharton (Crim. Pl. § 241) gives this test: Does the statute create a general offense, or one limited to particular persons or conditions? In the first case the exception need not be negative, while in the latter it must be. And the determination of this question does not depend on the mere structure of the statute. "If it be clear that an act is only to become a crime when executed by persons of a particular class, or under particular conditions, then this class or those conditions must be set out in the indictment, no matter in what part of the statute they may be expressed."

At the passage of the act of 1885 the public, or a large class thereof, were permitted and authorized by law to go upon and inclose portions of the public lands, with a view of acquiring title thereto under the preemption, homestead, and other acts of congress. An inclosure made under such circumstances is made under "an asserted right" to the land, and "with a view to entry thereof at the proper land-office" under the law applicable thereto. Then comes this act, and prohibits and makes criminal the making or maintaining of any inclosure on the public lands under any other circumstances. This, in my judgment, leaves the matter in a similar condition to that of the sale of spirituous liquors, where the same is prohibited and punishable if done without a license. An indictment for such a crime must charge that the sale was made without a license; and so here, an indictment charging a person with making an illegal inclosure on the public lands should allege that the act was done without the presence of the conditions or circumstances which justify or license it.

Neither is the crime defined by the act a "general" one. The crime it defines—an inclosure of the public lands—is limited to particular persons; such as have "no claim or color of title" to the land inclosed, "made or acquired in good faith, or an asserted right thereto by or under claim made in good faith with a view to entry thereof at the proper land-office, under the general laws of the United States."

The form of the pleading in this respect will make but little difference in the trial of the case, as slight proof of these negative allegations will shift the burden of proof onto the defendant. But in the mean time he cannot be legally accused of unlawfully erecting an inclosure on the public lands, and put on his trial therefor, unless it appears from the indictment that he is not within the exceptions contained in the act making such inclosure a crime. See *Nelson* v. *U. S.*, *supra*, where this question was considered by this court. The demurrer is sustained.