State v. Ball.

STATE OF NEBRASKA V. JAMISON BALL.

[FILED OCTOBER 16, 1889.]

1. **Liquors:** GIFT: STATUTORY CONSTRUCTION: INDICTMENT. Where an indictment for the violation of section 11 of chapter 50 of the Compiled Statutes contains the charge that the person accused did on a certain day sell and give away intoxicating liquors, it was *held* that the words " give away " did not charge the offense of giving away upon a pretext under the provisions of the section, and that they were mere surplusage and to be ignored by the court to which the indictment was returned; also, that the language of the indictment did not necessarily charge the defendant with selling and giving away upon a pretext the particular liquor described in the indictment, and that the only office of the words " give away " in the indictment was in substance a charge of the delivery of the liquor sold.

2. ———: ———. The mere giving away of intoxicating liquors when not upon a pretext or with any intention or purpose to violate the law is not necessarily a crime, without reference to the circumstances, condition, or necessity under which the gift was made.

EXCEPTIONS from Gage county, BROADY, J., presiding. Filed under the provisions of sec. 515 of the Criminal Code.

*Hugh J. Dobbs*, for plaintiff in error, cited: *State v. Pischel*, 16 Neb., 491; *Kruger v. State*, 1 Neb., 371; 1 Bish. Cr. Proc. (3d Ed.), secs. 440, 478, 480; *State v. Freeman*, 8 Iowa, 428; *State v. Ansaleme*, 15 Id., 44; *McKinney v. State*, 25 Wis., 378; *State v. Coffey*, 41 Tex., 46.

*Rickards & Prout*, for defendant in error, cited: *State v. Pischel*, 16 Neb., 491; 1 Bish. Cr. Proc. (3d Ed.), sec. 432.

REESE, CH. J.

At the February term, 1889, of the district court of Gage county an indictment was returned by the grand jury against Jamison Ball, the material averments of which were as follows: "That Jamison Ball, late of the county aforesaid, on the 28th day of November, in the year of our Lord one thousand eight hundred and eighty-eight, in the county of Gage and state of Nebraska aforesaid, then and there being, did then and there knowingly, willfully, and unlawfully sell and give away to one Syd L. Ellis intoxicating drinks or liquors, to-wit, about one gill of whisky, without having first obtained a license to sell intoxicating drinks or liquors and given a bond to the state of Nebraska as is required by law."

To this indictment a motion to quash was filed by the accused, the ground thereof being that it was vague, uncertain, and indefinite, and that more than one offense was attempted to be charged therein. The motion was sustained and the indictment quashed, to which the county attorney excepted and brings the case to this court for review under the provisions of sec. 515 of the Criminal Code. The case calls for a construction of section 11 of chapter 50 of the Compiled Statutes, entitled "Liquors." The section is as follows:

"All persons who shall sell or give away, upon any pretext, malt, spirituous, or vinous liquors, or any intoxicat-

ing drinks, without having first complied with the provisions of this act, and obtained a license as herein set forth, shall for each offense be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than one hundred dollars, nor more than five hundred dollars, or be imprisoned not to exceed one month in the county jail, and shall be liable in all respects to the public, and to individuals, the same as he would have been had he given bonds and obtained license as herein provided: *Provided,* That any person or persons shall be allowed to sell wine made from grapes grown or raised by said person or persons on land belonging to or occupied by said person or persons in the state of Nebraska, the same to be sold in quantities not less than one gallon, without procuring the license provided for in this chapter."

It is contended by counsel representing the district court that the indictment is bad for duplicity, in that it sufficiently charges the accused with a violation of the section both in *selling* and in *giving away* the liquor described; that it is a crime to give away as well as to sell the liquors named in the indictment, and both being charged, the indictment is bad; that if the words "give away" were eliminated, the indictment for selling in violation of law would remain; and that if the word "sell" were stricken out, the crime of giving away would be as fully charged. It is also contended that as the indictment stands the selling and giving away are both charged with reference to the same liquors and therefore the indictment is indefinite, uncertain, and ambiguous, as both charges cannot be true of the same act.

Upon the other hand it is contended by the county attorney that the words "and give away" must be treated as surplusage, and that the indictment charges only the crime of selling, the giving not having been alleged to have been upon a pretext and no such pretext being described in the indictment.

The section under consideration was evidently intended to prohibit the *sale* of intoxicating liquors by those having no license to engage in the traffic. This is the primary object of the law. In order to make the prohibition effective the legislature saw proper to provide against its evasion by subterfuge or pretext in giving away — as by the sale of articles of no value accompanied by a gift of the liquor or by any ostensible or colorable transaction by which the liquor could be disposed of without a sale and yet constitute the principal element of the sale or barter.

Webster in his Unabridged Dictionary defines the word pretext as "ostensible reason or motion assigned or assumed as a color or cover for the real reason or motive; false appearance; pretense."

It was evidently not the intention of the legislature to make the simple act of giving away intoxicating liquors a crime without reference to the circumstances, necessities, or conditions attending the giving; and therefore the giving of intoxicating liquors when wholly unaccompanied by an intention to evade the law is not necessarily a crime. We are strengthened in this view by reference to section 31 of the same chapter, which makes it a crime for any person to treat another or to give away any liquor, beer, wine, or intoxicating beverages whatever, purchased and to be drunk in any saloon or other public place where such liquors or beverages are kept for sale. If it had been the intention of the legislature to make the giving away of intoxicating liquors a crime in all cases, then the enactment of the section above referred to would have been wholly useless, as the offense would have been completely covered by section 11 above quoted. If the giving "was upon any pretext" for the purpose of evading the law, the pretext under which it was given would have to be set out substantially in the indictment. The indictment in this case, therefore, did not charge the crime of "giving away" under the

provisions of the section quoted, and did not charge a violation of the law in that particular.

We think also that the contention of counsel for the district court, that the indictment was vague and uncertain as charging both the selling and giving away, within the meaning of the statute, of the same article of intoxicating liquors, cannot be maintained. As we have seen, in order to constitute a crime the giving must be upon some pretext for the purpose of evading the law, and the term "give away" does not import such an act. This being true, the allegation of the indictment can charge nothing more than the sale and delivery of the liquor to the person named. That it might have been better pleading to charge in direct terms the sale and delivery of the liquor is perhaps true (although the term sale probably includes both), yet we cannot see that more than this was charged.

This being true, the learned district court erred in his ruling upon the motion to quash. As no further proceeding can be had upon this indictment, the case will not be remanded.

JUDGMENT ACCORDINGLY.

THE other Judges concur.