WILLIAM WENDT v. STATE OF NEBRASKA.

[FILED JUNE 30, 1891.]

Liquors: GIFT. On an information for the violation of sec. 11, chap. 50, Comp. Stats., 1889, charging the accused with unlawfully and knowingly giving away intoxicating liquor, not being licensed as a dealer nor having a permit as druggist, *held*, that the information charged no misdemeanor without charging that the giving away was a pretext to evade the provisions and penalties of the law. (*State v. Ball*, 27 Neb., 601.)

ERROR to the district court for Platte county. Tried below before POST, J.

*Sullivan & Reeder*, for plaintiff in error.

*William Leese, Attorney General*, contra.

COBB, CH. J.

The plaintiff in error, on March 7, 1890, was charged in said court, by information of the county attorney, with having, on December 5, 1889, in said county, unlawfully

and knowingly given away to George Savage intoxicating liquor, one pint of malt liquor called beer, not then and there having a license to sell malt, spirituous, and vinous liquors, and not having a druggist's permit to sell the same.   The defendant, on being arraigned, pleaded guilty and was fined $100 and the costs of prosecution, and to stand committed to the county jail until the same were paid.

The errors assigned for review are:

1. That the information does not charge any criminal offense.

2. That the law has provided no penalty for the offense charged.

There are other questions presented by counsel, of minor importance to the main question, whether the defendant in the court below was charged with a misdemeanor under the statute, convicted, and sentenced according to law. Other questions it is not deemed important to consider.

Section 11 of chapter 50 of Comp. Stats., entitled "Disposing of liquors without license," under which the plaintiff in error was prosecuted, provides that "All persons who shall sell or give away, upon any pretext, malt, spirituous, or vinous liquors, or any intoxicating drinks, without having first complied with the provisions of this act and obtained a license as herein set forth, shall for each offense be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than one hundred dollars, nor more than five hundred dollars, or be imprisoned not to exceed one month in the county jail, and shall be liable in all respects to the public and to individuals, the same as he would have been had he given bonds and obtained license as herein provided."

It is not set out in the information, to which the plaintiff in error pleaded guilty, that he unlawfully and knowingly gave away to George Savage one pint of malt liquor, called beer, upon any pretext, to evade the requirements

and penalties of the law, regulating the sale of liquors, a possible sequence to the words of the statute. The margin for this construction of the words and intent of the statute would seem to be very narrow and of doubtful ground. The information charges that the defendant unlawfully gave away intoxicating liquor contrary to the statute. Could he have given away unlawfully without the fact having been a pretext and device for the sale of the liquor and the evasion of the law? The unlawful giving away would seem to be consubstantial with any pretext to evade the law. But this reasoning has been regarded as sophistical in order to escape, by subtlety or ambiguity, the obligation of the state to charge the misdemeanor as defined by the statute.

In the case of *State v. Jamison Ball,* indicted in Gage county, under the same statute, for a like offense, it was held by this court, October 17, 1889, and prior to this conviction, that "where an indictment for the violation of sec. 11 of chap. 50, Comp. Stats., contains the charge that the person accused did, on a certain day, sell and give away intoxicating liquors, it was held that the words 'give away' did not charge the offense of giving away upon a pretext, under the provisions of the section, and that they were mere surplusage, and to be ignored by the court to which the indictment was returned; also that the language of the indictment did not necessarily charge the defendant with selling and giving away upon a pretext the particular liquor described in the indictment, and that the only office of the words 'give away' in the indictment, was, in substance, a charge of the delivery of the liquor sold. The mere giving away of intoxicating liquors, when not upon a pretext, or with any intention or purpose to violate the law, is not necessarily a crime, without reference to the circumstances, condition, or necessity under which the gift was made." (27 Neb., 601.)

This construction of the law remains unreversed, and

whatever its logical and legal infirmities may be considered to be, it was the rule of law, to be regarded by the courts of this state, when the judgment was imposed on the plaintiff in error for a misdemeanor he was not charged with, under this decision, by due process of law. The sentence and judgment of the district court were therefore erroneous, and are reversed as penalties not in accordance with the law.

The plaintiff in error resting under no charge on which he can again be tried, the information will be dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.