# Mosby *v.* The State.

*Indictment for Engaging in the Business of Operating a "Fly-
ing-Jennie."*

1.  *Indictment under sub-division 17 of § 629 of Code.*—An indictment
under sub-division 17 of Sec. 629 of Code, to be sufficient, must charge
that it is an instrument or device, for public exhibition or entertain-
ment, where charges are made for admission, or, for the use of the
instrument or device, or for participation in the exercise or entertain-

[Mosby v. The State.]

ment; and it must negative the exceptional provisions found in that sub-division.

2. *Same; demurrer sustained;* An indictment which simply charges that the defendant "engaged in, or carried on the business of a flying jennie, without a license, and contrary to law," is demurrable.

APPEAL from Madison Circuit Court.
Tried before the Hon. H. C. SPEAKE.

D. D. SHELBY, and S. S. PLEASANTS, for appellant, cited Sutherland on Statutory Construction, § 361; *Grooms v. Hannon,* 59 Ala. 510; *Mays v. State,* 89 Ala. 38; *Carson v. State,* 69 Ala. 240; *Clark v. State,* 19 Ala. 554, and *Commonwealth v. Hart,* 11 Cushing, 134.

WM. L. MARTIN, Attorney-General, for the State, cited *Moog v. Hannon,* 93 Ala. 503.

STONE, C. J.—The indictment charges that defendant "engaged in, or carried on the business of a flying jennie, without a license and contrary to law, against the peace and dignity of the State of Alabama." We have now copied the entire charge as shown in the indictment. There was a demurrer to the indictment, assigning its insufficiency, which the Circuit Court overruled.

We have no statute which *expressly* mentions a flying jennie, or *expressly* requires a license for the exhibition or entertainment it is supposed to make or furnish. Nor can we, as matter of law, know or affirm, that it is an instrument or device, the public exhibition of which, or participation therein, presupposes or requires the payment of a charge, or admission fee.—Code of 1886, § 629, § 17. An indictment under this sub-division, to be sufficient, must charge that it is an instrument or device for public exhibition or entertainment, where charges are made for admission, or, (as the case may be,) for the use of the instrument or device, or for participation in the exercise or entertainment; and it must negative the exceptional provisions found in that sub-division—*Mays v. The State,* 89 Ala. 37; *Carson v. State,* 69 Ala. 235; *Clark v. State,* 19 Ala. 552; 3 Brick. Dig. 279, § 443.

The demurrer to the indictment should have been sustained.

Reversed and remanded. Let the prisoner remain in custody until discharged by due course of law.

Reversed and remanded.