C. P. SMYTHE v. STATE.

No. A-5.    Opinion Filed April 24, 1909.

(101 Pac. 611.)

1.    INDICTMENT AND INFORMATION — Negativing Exceptions — Necessity. It is only when the exception in a penal statute is so incorporated in or with the enacting clause of such statute as to constitute a material part of the definition or description of the offense that it need be negatived in the information; otherwise it will be a matter of defense.

2.    SAME. A negative averment to the matter of an exception or proviso in a penal statute is not requisite in an information, unless the matter of such exception or proviso enters into, and becomes a material part of, the description of the offense.

3.    INTOXICATING LIQUORS — Enforcement Act —Constitutionality—Initiative and Referendum. Senate Bill No. 61 (chapter 69, p. 594, Sess. Laws 1907-08), known as the "Billups Prohibition Enforcement Act," is not violative of section 57, art. 5, of Bunn's Constitution of Okla.

4.    INDICTMENT AND INFORMATION — Sufficiency — Certainty. An information which informs the accused of the offense with which he is charged with such particularity as will enable him to prepare for his trial and so defines and identifies the offense that the accused. if convicted or acquitted, will be able to defend himself in case he be indicted again for the same offense by pleading the record of such former conviction or acquittal, is sufficient as against demurrer.

(Syllabus by the Court.)

*Error from Creek County Court; Josiah G. Davis, Judge.*

C. P. Smythe was convicted of illegally selling intoxicating liquors, and he brings error. Affirmed.

The plaintiff in error, who will, for convenience's sake, be hereinafter referred to as the accused, was, on the 27th day of June, 1908, found guilty of unlawfully selling one pint of whisky to Stanley Seymour. The prosecution was predicated upon an information, which reads as follows:

"In the name and by the authority of the state of Oklahoma, now comes L. B. Jackson, the duly qualified and acting county attorney, in and for Creek county, state of Oklahoma, and gives the county court of Creek county, state of Oklahoma, to know and be informed that C. P. Smythe did, in Creek county, and in the state of Oklahoma, on or about the 8th day of April, in the year of our Lord one thousand nine hundred and eight, and anterior to the presentment hereof, commit the crime of selling intoxicating liquor, in the manner and form as follows, to wit: Did sell to Stanley Seymour one pint of whisky, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state."

To this information the accused filed a general demurrer, which was by the court overruled, to which ruling the accused saved an exception. Thereupon the jury was impaneled and sworn, and the evidence presented on behalf of the state. The accused offered no evidence. The accused was found guilty as charged in the information, and in due time filed his motion for a new trial, alleging: (1) That the court erred in its decision in overruling the demurrer to the information; (2) because the verdict is contrary to law, for the reason that the information does not charge a public offense; (3) because the verdict is not sustained by the evidence, and is contrary thereto. The motion for a new trial was overruled, to which the accused duly excepted, and the court entered judgment on the verdict, sentencing the accused to pay a fine of $50, and be imprisoned in the county jail 30 days, and thereupon the accused filed a motion in arrest of judgment, setting up, in substance, that the facts alleged in the information are not sufficient to constitute a public offense, and that said information had been demurred to by the accused, and the demurrer overruled before the trial was commenced. Said motion in arrest of judgment was overruled, to

which ruling the accused duly saved his exception, and thereafter, on the 27th day of June, 1908, the court below rendered judgment upon the verdict, and sentenced the accused to pay a fine of $50, with costs, and that he be committed in the county jail of Creek county for a period of 30 days, and that, in the event of failure to pay said fine, he be incarcerated a further period than the 30 days' sentence sufficient to liquidate said fine and costs. To said judgment and sentence accused duly excepted, and brings this case to this court on appeal for the purpose of reversing said judgment. Briefs are filed on both sides.

*Sornberger & Williams*, for plaintiff in error.—On necessity of negativing exceptions in indictment: 23 Cyc. 235; *Young v. Territory*, 8 Okla. 525; *Parker v. Territory*, 9 Okla. 109; *State v. Pitzer*, 23 Kan. 251; *State v. Savage*, 48 N. H. 484; *Vogel v. State*, 31 Ind. 64; *Com. v. Byrne*, 126 · Mass. 248; *Gee Wo v. State*, 36 Neb. 241; *U. S. v. Cook*, 84 U. S. 168; *Davis v. State*, 39 Ala. 521.

*Fred S. Caldwell*, for the State.—On negativing exceptions in indictment: 22 Cyc. 344, and authorities cited in note 41.

BAKER, JUDGE. (after stating the facts as above). The only question presented in this case is the sufficiency of the information, a copy of which is contained in the statement of the case. The able counsel for the accused contend that said information is insufficient for two reasons: (1) Because the pleader neglected to negative the exceptions or provisos of the statute defining the offense in Senate Bill No. 61 (Sess. Laws 1907-08, p. 603, c. 69, art. 3), known as the "Billups Law," which reads as follows:

"Section 1. It shall be unlawful for any person, individual or corporate, to manufacture, sell, barter, give away, or otherwise furnish except as in this act provided, any spirituous, vinous, fermented or malt liquors. * * * A violation of any provisions of this section shall be a misdemeanor and shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars and by imprisonment for not less than thirty days, nor more than six months. * * * *"

(2) Because the said Billups law is violative of section 57, art. 5, of the Constitution of this state, which reads as follows:

"The powers of the initiative and referendum reserved to the people by this Constitution for the state at large, are hereby ·further reserved to the legal voters of every county and district therein, as to all local legislation, or action, in the administration of county and district government in and for.their respective counties and districts."

Counsel for the accused correctly maintain that the Billups act authorizes certain persons, or class of persons to sell intoxicating liquors under the restrictions contained in the act, that under said act persons may be appointed agents for the state for the purpose of selling intoxicating liquors, and that such persons, when so appointed, are authorized to sell as much as one pint of whisky, if sold under the provisions of said act. It is also contended by the accused that under the terms of said act such persons are exempted from the penalty of the act, and that a sale of a pint of whisky is not necessarily a violation of the act, and that under the restricting or prohibiting terms of the act, which provides "it shall be unlawful for any person to  *   *   * sell  *  *  * except as in this act provided," and by reason thereof certain persons are excluded and excepted from the operation of said section, it is necessary for an information to contain averments negativing the class or kind of persons who are exempted from prosecution for selling liquor, if sold under the provisions of said act.

The statute· of this state respecting things necessary to be averred in the indictment are as follows: Section 222, Cr. Code (section 5358. Wilson's Rev. & Ann. St. 1903), provides:

"The indictment must be direct and certain as regards: First. The party charged. Second. The offense charged. Third. The particular circumstances of the offense charged, when they .are necessary to constitute a complete offense."

The statute just quoted is in consonance with the common law. It seems a well-established rule of criminal pleading that the exceptions contained in a statutory definition of an offense must be

2· Cr.—19

negatived in an indictment or information. In other words, it must appear from the indictment or information that the person charged with a statutory crime, or a crime which is not *malum in se,* but merely *malum prohibitum,* which contains a clause exempting certain designated classes, is not included in such excepted class. This rule is founded upon the general principle that the information must contain a statement of those facts which constitute an offense, under the statute defining such offense.

Justice Clifford, in delivering the opinion of the court in the case of *United States v. Isaac N. Cook,* found in 84 U. S. 168, 21 L. Ed. 538, lays down the following rule:

"(1) Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that it cannot be accurately and clearly described if the exception is omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception. (2) Where the exception is not incorporated with the clause defining the offense, nor connected with it in any manner by words or reference, it is not a constituent part of the offense, but is a matter of defense, and must be pleaded or given in evidence by the accused."

Another general rule that seems well settled by the authorities is this: That where a statute defining an offense contains an exception in the enacting clause which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment or information founded upon the statute must allege enough to show that the accused is not within the exception; but, on the other hand, if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense, and must be shown by the accused. We are therefore confronted with the proposition: Does, or does not,

the information in the case at bar define and charge a crime under the statute creating the offense, and does the information fully inform and point out to the accused the offense which he is called upon to defend, and is it sufficiently definite and certain?

The question under consideration in this case is not free from diversity of authorities throughout the states. To harmonize some of the decisions would be difficult. In our examination we have carefully read all the cases cited in the briefs by both parties, together with such additional cases as we were able to find. We find the cases decided by the Supreme Court of the states of Kansas, New Hampshire, Indiana, and Massachusetts practically agree upon the proposition: That if there be any exception contained in the same clause of the act which creates the offense, the indictment or information must show negatively that the defendant, or the subject of the indictment or information, does not arise within the exception. If, however, the exception or proviso be in a subsequent clause or statute, or, although in the same clause, yet, if it be not incorporated in the enacting clause by any words of reference, it is in that case matter of defense for the other party, and need not be negatived in the pleading. In the states named it is well settled that an information which charges that the defendant sold intoxicating liquor without taking out, and then having, a license, as provided by the statutes, such information should negative the fact that the accused did have such license—citing *State v. Thompson et al.,* 2 Kan. 432; *State v. Pittman,* 10 Kan. 593; *State v. Pitzer,* 23 Kan. 250; *Howe v. State,* 10 Ind. 423; *Vogel v. State,* 31 Ind. 64; *Com. v. Thurlow,* 24 Pick. (Mass.) 374; *Com. v. Byrnes,* 126 Mass. 248; *Wendt v. State,* 32 Neb. 182, 49 N. W. 351; *State v. Ball,* 27 Neb. 601, 43 N. W. 398.

The New Hampshire cases cited by the accused differ to some extent from the doctrine laid down in the cases just cited. We find in the case of *State v. Abbott,* 31 N. H. 434, the court held:

"Where the defendant was indicted for selling spirituous liquors, contrary to the statute, which provided that if any person, not being licensed, shall sell any spirituous liquor, wine, etc., he

shall, on conviction, be fined, etc., and the exception was taken that the indictment was bad for not averring that the ·defendant 'wilfully' sold, held, that the offense consisted in the sale without license, and that, the term 'wilfully' not being contained in the statute, it was not necessary to be averred in the indictment. Where exceptions form a part of the enacting clause of a criminal statute, it is necessary to negative them in the indictment, in order that the description of the crime may, in all respects, correspond with the statute.   But where the exceptions are contained in separate clauses or provisions of the statute, they may be omitted in the indictment, and may be shown by the defendant as matters of defense"—citing *State v. McGlynn,* 34 N. H. 422; *State v. Savage,* 48 N. H. 484.

It will be observed that the cases just cited are all in states where the sale of intoxicating liquor is lawful when made by a person holding a license authorizing traffic in, and the sale of, intoxicating liquors, and that the gist of the offense consists of a violation of the statutes making a license necessary before a lawful sale could be made.   Therefore we believe the cases do not offer controlling authority upon a state that does not license the sale of intoxicating liquor, and therefore are not applicable to the case at bar.   The state of Oklahoma, by the passage of the Billups law, makes it unlawful, except as provided in the clauses of the Billups law subsequent to the enacting clause, to sell intoxicating liquors at all.

Another class of cases is decided in states where the manufacture of intoxicating liquors is declared unlawful by all persons, except such as are duly appointed agents or officials of the state for the sale of such liquors.   These cases hold that it is necessary, where an indictment charges the unlawful manufacture of liquor, that it must negative the manufacture of liquor except as authorized by the state authority; that the information must aver that the· person charged is not a person authorized by state authority to manufacture intoxicating liquor.   This doctrine is held in the following cases:  *Davis v. State,* 39 Ala. 521; *State v. Savage, supra; State v. McGlynn, supra; State v. Thompson, supra; State v. Abbott, supra.*  It will be observed that in these cases the

crime consists of manufacturing liquor without authority of law. Manufacture of liquor in the absence of authority is the crime sought to be punished, and it is therefore a part of the description of the crime to allege in the indictment that such authority was not granted the accused.

Still another class of cases, namely, where the exception or proviso contained in the statute creating the offense complained of is not in express terms found in the enacting clause, but only by reference to some subsequent or prior clause, or to some other statute; as where the words, "except as hereinafter mentioned," or other words referring to matter out of the enacting clause, are used. The rule in these cases is that all exceptions, provisos, or modifications, whether applying to the offense or to the persons which are incorporated in the enacting clause, should be negatived. Obviously, if the exception in the enacting clause is a part of the description, and is an essential ingredient of the offense sought to be prosecuted by information or indictment, such exception should be pleaded, as otherwise the indictment would not present the actual statutory accusation, and would be defective for want of clearness and certainty.

This brings us to a consideration of the cases sustaining the doctrine last named, prominent among which is the case of *United States v. Cook*, 84 U. S. 168, 21 L. Ed. 538, in which the court approves the early cases on this subject. Justice Clifford, writing for the court, says: First syllabus:

"Where a statute defining an offense contains an exception in the enacting clause of the statute which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, an indictment found upon the statute must allege enough to show that the accused is not within the exception."

Second syllabus:

"Where the exception is not incorporated with the clause defining the offense, nor connected with it in any manner by words of reference, it is not a constituent part of the offense, but is a

matter of defense, and must be pleaded or given in evidence by the accused."

Another very instructive case in point is that of *Territory v. Scott*, 2 Dak. 212, 6 N. W. 435. In this case Scott was prosecuted on an indictment charging him, under the statute of said territory, with setting fire to a prairie. The statute in question being in three sections (Rev. Codes 1877, p. 803): Section 1 provides:

"That if any person or persons shall set or cause to be set on fire any woods, marsh, or prairie, or any grass or stubble lands in the months of September, October, November, December, January, February, March, April, May or June, except as hereinafter provided, such person or persons shall be deemed guilty of a misdemeanor."

Second section provides:

"That for the purposes of destroying any grass or stubble that may be on any piece of land at the time any person or persons commence to break or plow the same, it shall be lawful for such person or persons to set the same on fire at any time in the year: Provided, that at the time of setting such grass or stubble on fire there shall be a strip of land well plowed or burned over at least fifty feet in width, completely encompassing the place where such fire is set."

Third section provides:

"That if any fire set as provided in section 2 of this act, should, by accident, and without any fault or neglect of the person or persons setting the same, get beyond his or their control, such person or persons shall be liable, as provided by section 1 of this act, for all damages done by said fire, and not otherwise. But if such fire should by negligence, carelessness, or be intentionally permitted to spread beyond the bounds of said strip of land mentioned in section 2, then the person or persons setting such fire shall be liable, both civilly and criminally, as provided in section 1 of the act."

The indictment in this case charges that Scott, on a certain day in the month of October, did wilfully and unlawfully set fire to a certain stubble land, contrary to the statute, etc. To this indictment defendant demurred, claiming that the fact stated herein did not constitute a public offense. because it charges the defend-

ant with having wilfully set on fire certain prairie and stubble land, but does not charge that said fire was set without having a strip of land *well plowed or burned over at least* 50 *feet in width completely encompassing the place where the fire was set.* The demurrer was overruled; defendant convicted and sentenced. Justice Kidder said:

"If there is an exception in the enacting clause, the party must negative the exception, and state in the indictment that the defendant is not within it; but, if there be an exception in a subsequent clause or a subsequent section of the statute, it is a matter of defense, and is to be shown by the other party. The rule is founded on the general principle that the indictment must contain the statement of those facts which constitute an offense under the statute. A *prima facie* case must be stated; and it is for the other party, for whom matter of excuse exists, to bring it forward in his defense. In saying that an exception must be negatived when made in the enacting clause, reference is not made to sections of the statute as they are divided in the act; nor is it meant that, because the exceptions are contained in the section containing the enactment, it must for that reason be negatived. That is not the meaning of the rule. The question is whether the exception is so incorporated with, and becomes a part of, the enactment as to constitute a part of the definition or description of the offense; for it is immaterial whether the exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. It is the nature of the exception, and not its location, which determines the question. Neither does the question depend upon any distinction between the words 'provided' or 'except' as they may be used in the statute."

Referring to the case of *United States v. Cook, supra,* this learned justice says:

"In the more recent case of *United States v. Cook* this question is elaborately discussed, and all the leading cases bearing upon the question under discussion, from *Jones v. Axen,* 1 Lord Raymond, 120, down, were examined and commented upon by the learned justice who delivered the opinion; and, in our judgment, it is decisive of the question under consideration."

In applying the rule laid down in *United States v. Cook, supra,* said learned justice further says:

"To illustrate: The offense in section 1 of the Code, *supra,* is clearly defined, and it is so entirely separable from the exception in section 2 that all the ingredients constituting it may be accurately stated without reference to the exception; i. e., if any person shall set on fire any prairie lands in either of the months in the year (except July and August), he shall be deemed guilty. This is simple and easy of comprehension without reference to matters *dehors.* The second is a substantive section ; i. e., any person, at the time he desires to break his land for the purpose of destroying the stubble thereon, may set the same on fire any time in the year, provided he shall then have 50 feet in width plowed or burned over encompassing the place where the fire is set. Section 3 is independent, except it refers to sections 2 and 1 as follows: If the fire set as provided in section 2 should by negligence, etc., be permitted to spread beyond the bounds of the plowed or burned strip, then the person setting the fire shall be liable criminally as in section 1. To illustrate, further, the mode of procedure in the trial of a prosecution like the one at bar: The defendant is arraigned and pleads not guilty to the indictment. The prosecution introduces evidence which tends to prove the allegations therein. The defendant defends, against such proof, that at the time he set the fire he had some stubble land he was desirous of breaking, and, that he might lawfully set the fire, he burned over a strip of land, at least 50 feet in width, completely encompassing the place where the fire was set. The prosecution replies to this that the defendant intentionally, or by negligence or carelessness permitted the fire to spread beyond the bounds of such strip."

The indictment in this case was held sufficient, and the judgment in the court·below affirmed.

To epitomize the leading and well-considered cases, the general rule can well be stated to be that, when the subject of any exception is found in the enacting or prohibitory clause, it must be excluded by averment in the information; but, if it be found in a separate substantive clause, or in a subsequent statute, and is not an essential part of the description of the offense, it is matter of defense, and need not be negatived. The above doctrine is fully sustained by the Supreme Court of the United States in the cases above cited, and in *United States v. Clarke* (D. C.) 38

Fed. 500; *United States v. Felderwald* (C. C.) 36 Fed. 490; *United States v. McCormick.* 1 Cranch, C. C. 593, Fed. Cas. No. 15,663; and in various states in *Mosby v. State,* 98 Ala. 50, 13 South. 148; *Davis v. State,* 39 Ala. 521; *Matthews v. State,* 24 Ark. 484; *Bone v. State,* 18 Ark. 109; *Brittin v. State,* 10 Ark. 299; *State v. Powers,* 25 Conn. 48; *Williams v. State,* 89 Ga. 483, 15 S. E. 552; *Metzker v. People,* 14 Ill. 101, and cases therein cited; *State v. Kimmerling,* 124 Ind. 382, 24 N. E. 722, and cases cited; *State v. Williams,* 20 Iowa, 98; *Com. v. McClanahan,* 2 Metc. (Ky.) 8; *State v. Lyons,* 3 La. Ann. 154; *State v. Gurney,* 37 Me. 149; *Com. v. Maxwell,* 2 Pick. (Mass.) 139; *People v. Decarie,* 80 Mich. 578, 45 N. W. 491; *State v. Doerring,* 194 Mo. 398, 92 S. W. 489, and many cases therein cited; *State v. Price,* 71 N. J. Law, 249, 58 Atl. 1015; *People v. Stedeker,* 175 N. Y. 57, 67 N. E. 132; *State v. Pool,* 106 N. C. 698, 10 S. E. 1033; *State v. Connor,* 142 N. C. 700, 55 S. E. 787; *Seville v. State,* 49 Ohio St. 117, 30 N. E. 621, 15 L. R. A. 516; *Hirn v. State,* 1 Ohio St. 16; *Billigheimer v. State,* 32 Ohio St. 435; *State v. Paige,* 78 Vt. 286, 62 Atl. 1017; *State v. Norton,* 45 Vt. 258.

In the last-cited case Justice Boyce says:

"If the exception is distinct from the enacting clause, or from that part of the statute which creates and describes the offense, it becomes matter of defense, and it need not be negatived that the respondent is within the exception."

It will be seen from reading the "Billups Act" that there is no exception in the enacting clause which is descriptive of the offense charged against the accused in this case, or the omission of which would render the information insufficient to advise the accused of the exact crime he is called upon to defend. Hence the last-named class of cases, as shown by the authorities cited, apply with much force to the case at bar. The information charges that the accused "did sell Stanley Seymour one pint of whisky, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state."

Counsel for accused, in support of their contention, cite the

cases of *Young v. Territory,* 8 Okla. 525, 58 Pac. 724, and *Parker v. Territory,* 9 Okla. 109, 59 Pac. 9—both rape cases. These cases hold that an indictment for rape, under the statutes of the territory of Oklahoma, must contain the averment "that the female on whom the crime was committed was not the wife of the person accused of the crime." Section 2251, Wilson's Rev. & Ann. St. 1903, defining the crime of rape, provides: "Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator. * * *" It requires no argument to see that the exception or proviso is clearly an ingredient part of the offense charged. The same is true of most of the cases cited by the accused. Applying the great weight of authorities to the information in the case at bar, we find the enacting clause of the statute, upon which the prosecution in this case is based, does not contain an exception or proviso which is either descriptive of the offense charged, or an ingredient part thereof. There is therefore no necessity for negativing the same, and the contention of the accused is not sustained.

Counsel for the accused further contend and urge as a second ground of demurrer that the Billups law is violative of section 57, art. 5, of the Constitution of this state, and therefore void. Section 57 reads as follows:

"The powers of the initiative and referendum reserved to the people by this Constitution for the state at large, are hereby further reserved to the legal voters of every county and district therein, as to all local legislation, or action, in the administration of county and district government in and for their respective counties and districts."

The act of Congress enabling the people of the territory of Oklahoma and of the Indian Territory, to form a Constitution and state government, and be admitted into the Union, etc., provides that the manufacture, sale, barter, giving away, or otherwise furnishing intoxicating liquors within those parts of said proposed state known as the Indian Territory and the Osage Indian Reservation, etc., is prohibited for a period of 21 years from the date of admission into the Union, and for the violation thereof

prescribes a penalty of not less than $50 fine, and imprisonment for not less than 30 days for each offense. Act June 16, 1906, c. 3335, 34 Stat. 267. Said act also provides that the Legislature of the state may provide by law for dispensing intoxicating liquors for medicinal purposes, etc. The Enabling Act also authorizes the constitutional convention to submit to the people of the proposed new state, for their ratification or rejection by ballot, the proposition whether or not the prohibition of the manufacture, sale, etc., of intoxicating liquors should be state-wide. Such proposition was submitted to the people of said proposed state, and by them ratified, thereby extending the prohibitory proposition over the entire state, and the same is now in full force throughout the entire state. The powers of the initiative and referendum reserved to the people under section 57, Bunn's Const., was not intended to delegate to the people of any county or district within the state the right to legislate by initiative and referendum upon the subject of the manufacture, sale, etc., of intoxicating liquors therein. Said section was intended to vest in the people of every county and district the right of the initiative and referendum provisions of the Constitution upon all questions of a local nature only. Therefore it does not lie within the power of any county or district in the state to contravene the provisions of the Constitution applicable to the prohibition of the sale of intoxicating liquors within such county or district. This court is clearly of the opinion that the so-called "Billups Law," taken as a whole, is not violative of any of the provisions of the Constitution of the state, and for that reason the second ground of demurrer in this case is not well taken.

This court does not want to be understood as holding that the information in this case is a model of perfection, by any means. On the contrary, it is loosely drawn, and imperfect, and this court dislikes very much to in any way encourage careless pleading; on the contrary, it is the desire that prosecuting officers, in the framing of informations and indictments, should exercise the greatest care, and incorporate therein all the legal requirements,

and to the extent that they do so they will reflect their legal learning and ability as prosecutors. The information in the case at bar does inform the accused of the offense with which he is charged with sufficient particularity to enable him to prepare for his trial. It also defines the offense to such an extent that, if the accused is convicted or acquitted, he will be able to defend himself, in case he be indicted again for the same offense, by pleading the record of such conviction or acquittal. Therefore, as against demurrer, we are compelled to hold the information sufficient. Bearing in mind that the statute of this state prohibits this court from reversing the judgment of the court below for technical reasons, we do not go to the extent of abridging the substantial rights of the accused.

Failing to find in the record that the substantial rights of the accused in the case at bar have been disregarded, the judgment of the court below is affirmed, and the sheriff of Creek county is ordered to execute the judgment of the court below without unnecessary delay.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.