Ex parte JAMES STEWART BRYSON.

No. A-4001.   Opinion Filed Oct. 22, 1921.
Rehearing Denied April 6, 1922.
(205 Pac. 190.)

Petition by James Stewart Bryson for writ of habeas corpus, alleging unlawful imprisonment by George Frampton, sheriff of Comanche county, Okla.   Writ denied, and petition dismissed.

C. R. Reeves, for petitioner.

PER CURIAM.   Petitioner, James Stewart Bryson, represented that he is restrained of his liberty and is unlawfully imprisoned at Lawton, Okla., by George Frampton, sheriff of Comanche county; that the cause of said restraint is that petitioner was arrested upon a warrant issued by M. T. Perkins, justice of the peace of Lawton, Okla., on a complaint alleging that the defendant had the unlawful possession of certain narcotic drugs, called morphine; that thereafter Fletcher Riley, county attorney of said county, filed an information against this petitioner after a preliminary hearing, charging petitioner with said offense in the district court of said county; and that said petitioner is now held to answer said charge in said court.

Petitioner alleges that said restraint is illegal: First, because chapter 60, Session Laws 1919, the act upon which this prosecution is based, is unconstitutional, because it deprives petitioner of his liberty and property without due process of law; second, because said act is not a reasonable exercise of the police powers of the state; third, because the provision of said act, "that it shall not be necessary to negative any of the aforesaid exceptions in any complaint, information or indictment, etc., * * *" brought under this act, and the burden of proof of any such exemption or exception is put upon the defendant, is in conflict with the Fifth Amendment to the Con-

stitution of the United States, and with sections 7, 17, and 20 of article 2 of the Constitution of Oklahoma; fourth, because that part of section 2 of the act which reads, "Any of such narcotic drugs found or discovered to be held or possessed by any person, firm or corporation except as permitted by this act shall be confiscated and delivered by the person or officer finding or discovering the same to the hospital of the medical department of the University of Oklahoma," is a taking of private property for public use without compensation, and contrary to both the Constitution of the United States and the Constitution of Oklahoma.

In view of the fact that an early decision of the questions involved in this proceeding is desired, the court will not enter into a lengthy discussion of the reasons entertained for denying the writ:

The act relates to the compounding, manufacture, production, dispensing, distribution, possession, etc., of narcotic drugs, and defines the term "narcotic drugs." The purpose of the act is primarily to regulate the dispensing and use of narcotic drugs for medicinal purposes only, and in this connection makes it a felony for any person to violate the provisions of the act, among others of which is the possession at one time of more than one dose of such drugs unlawfully acquired by any person, who is not one of those excepted by the provision of the act, and it is further provided that in charging the offense the exceptions contained in the act need not be negatived. In many of its provisions the act is similar to the federal act on the same subject, and also like those of many of the states. It is purely a police regulation, and as such must stand or fall.

That in the exercise of the police power the Legislature may regulate the sale and distribution of any drug in its nature poisonous, the use of which tends to debauch the public

in the formation of a habit that undermines the physical, mental and moral constitution of its users, is no longer, we think, a question of doubt. Mon Luck v. Sears, 29 Or. 421, 44 Pac. 693, 32 L. R. A. 738, 54 Am. St. Rep. 804; In re Yun Quong, 159 Cal. 508, 114 Pac. 835, Ann. Cas. 1912C, 969; Hyde v. State, 131 Tenn. 208, 174 S. W. 1127.

Nor do we believe that the act is unconstitutional upon either the third or fourth ground contended for. Gee Woe v. United States, 250 Fed. 428, 162 C. C. A. 498; 15 Ruling Case Law, p. 394, § 159; Fyke v. United States, 254 Fed. 225, 165 C. C. A. 513; Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1817E, 668; Smythe v. State, 2 Okla. Cr. 286, 101 Pac. 611, 1C9 Am. St. Rep. 918; De Graff v. State, 2 Okla. Cr. 519, 103 Pac. 538.

The writ is denied, and petition dismissed.