## LAURA CARR v. STATE.

No. A-4268.    Opinion Filed Dec. 3, 1923.
(220 Pac. 479.)

(Syllabus.)

1. **Indictment and Information—Not Necessary to Negative Statutory Exceptions in Information for Unlawful Possession of Narcotic Drugs.** Whether or not narcotic drugs alleged to have been possessed by the defendant were drugs other than those acquired and procured upon the prescription of a regularly licensed and actively practicing physician, dentist, etc., for legitimate medicinal purposes, and whether the quantity possessed was more than one dose acquired for such purposes, are exceptions which, by express provision of the statute, are not necessary to be negatived in an information charging the unlawful possession of such narcotic drugs.

2. **Statutes—Title Fairly Indicating General Purposes Sufficient.** It is not necessary for the title to an act to embrace an abstract of its contents. An act may have numerous provisions; if such provisions have one general object, the title is sufficient if it fairly indicates the general purpose of the act. The details provided for the accomplishment of such purpose are regarded as necessary incidents.

3. **Statutes—Narcotic Law not Local or Special.** Section 46, art. 5, of the Constitution, has application only to local or special laws. Chapter 60, Session Laws 1919, p. 95 (sections 8886-8888, Compiled Statutes 1921), is a general law, and the constitutional inhibitions as to legislative action contained (in section 46, art. 5, Constitution, have no application to such law.

4. **Poisons—Not Necessary to Prove Exceptions in Antinarcotic Statute.** The necessity of the state, in the first instance, to prove the negative that the defendant was not such person as was excepted from the operation of the antinarcotic statute is obviated by the provisions of the statute itself.

5. **Appeal and Error—Conviction not Set Aside Because of Conflicting Evidence.** A conviction will not be set aside because of conflicts in evidence, where there is evidence in the record from which the jury could reasonably conclude that the defendant is guilty as charged.

Appeal from District Court, Garfield County; J. C. Robberts, Judge.

Laura Carr was convicted of the unlawful possession of narcotic drugs, and she appeals.    Affirmed.

On the 14th day of June, 1921, the county attorney of Garfield county instituted this prosecution in that court by filing therein an information charging the plaintiff in error, Laura Carr (hereinafter referred to as defendant), with the unlawful possession of a quantity of cocaine concealed about her premises at 120 East Oklahoma street in the city of Enid.

On September 16, 1921, the defendant demurred to the information on the grounds that the information did not state an offense against the laws of the state and on the further grounds that the statute upon which the information is based is unconstitutional and void.    The demurrer to the information was overruled, and the defendant entered a plea of not guilty, and the case was called for trial on September 20, 1921, resulting in a verdict finding the defendant guilty as charged.    On the 22d day of September counsel for defendant filed a motion for a new trial for the reasons that, among others, the verdict was contrary to law; that the verdict was contrary to the evidence; the court erred in overruling the demurrer to the information; that court erred in overruling the demurrer to the evidence and in refusing to direct a verdict of not guilty; that the court erred in failing to instruct the jury on all the propositions raised by the evidence; that the verdict was the result of bias and prejudice on the part of the jury, and that the court erred in giving instructions Nos. 4 and 5.

Said motion for new trial having been overruled, the trial court on the 7th day of October, 1921, pronounced judgment against the defendant on the verdict returned, fixing the punishment at seven years in the penitentiary and the fine of $1,000.

After several extensions of time to make and serve case-made, the petition in error with case-made attached was filed in this court on March 29, 1922, and the appeal appears to be regularly before the court for decision on the merits. The facts substantially are as follows: Laura Carr, the defendant, was the keeper and owner of a large rooming house for colored occupants located at No. 120 East Oklahoma street in the city of Enid. On the 5th day of March, 1921, shortly after midnight, W. J. Hallum, a policeman of said city, together with F. E. Stalder, T. L. Letson, and W. L. Cook, who were also policemen of that city, made a search of defendant's premises, and Hallum found therein a bottle of cocaine under substantially the following circumstances: Hallum was searching the defendant's bedroom when defendant started towards her bath room, adjoining the bedroom, with a paper pie plate containing the remains of a lunch which she had bought earlier in the night, with the pretense of throwing the remains of the lunch into a slop bucket located in the bathroom. Both the bathroom and bedroom were lighted at that time, but Hallum watched the defendant through the door leading from the bedroom into the bathroom. He saw her put her hand into a laundry bag used for disposing of dirty clothes. Hallum then went immediately into the bathroom and searched this bag and found therein the bottle of cocaine. Hallum says he immediately told the defendant of what he had found and that she thereupon offered him $50 if he would throw the contents of the bottle into the bath tub and say nothing about it. Hallum told her she was talking to the wrong person. Whereupon the defendant stated, "we ought to be able to settle this here," and asked if $100 would not interest him.

After discovering the bottle of cocaine, Hallum called Stalder and Letson, who were searching other parts of the

premises, and they also saw the bottle of cocaine, and heard the defendant state that she wanted to settle the matter out of court. The defendant was arrested, and later put up $50 cash bond for her appearance in the police court the next day. Subsequently this prosecution was instituted against her.

The defendant admitted the search and admitted that Hallum had a bottle of cocaine which he claimed to have found in the laundry bag that night, but defendant denied any knowledge of the cocaine being in the bag and claimed that she did not know how it got there, if it was found there, and also testified that she had 12 roomers in her house at that time, all of whom used the bathroom and some of whom had access to the laundry bag for the purpose of depositing dirty sheets and towels therein. Defendant admitted that she had a short time prior to her arrest on this charge pleaded guilty to the crime of unlawful possession of narcotic drugs.

C. D. Roseman and Warren K. Snyder, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. (after stating the facts as above). The petition in error covers the identical grounds covered by the motion for a new trial above referred to in the statement of the case. It will be necessary, however, in this opinion to refer to those grounds only relied upon by counsel in the brief filed in behalf of this defendant, as it is the rule of this court that all grounds of error included in the petition in error and not supported by argument and the citation of authority in the brief will be considered as abandoned.

It is first contended that the information is insufficient to state the crime of unlawful possession of narcotic drugs as defined by section 8887, Compiled Statutes 1921.

That provision of the act covering this alleged offense reads as follows:

"It shall * * * be unlawful for any person who shall not be so registered as provided by the said act of Congress, and who shall not, also, be a regularly licensed pharmacist as aforesaid, or who shall not be a regularly licensed and actually practicing physician, dentist or veterinary surgeon, or who shall not be a railroad or express company which shall have made, for the preceding year to the Corporation Commission of the state the report required by law to be made to such Commission annually by transportation companies, to have in his or her possession or under his or her control or to have concealed in or about premises in his or her possession or under his or her control, any quantity whatsoever of the aforesaid narcotic drugs, other or more than one dose of such narcotic drugs, acquired and procured upon the prescription of a regular licensed and actively practicing physician, dentist or veterinary surgeon, for legitimate medicinal use."

The charging part of the information is as follows:

"That on or about the 5th day of March A. D. 1921, in said county of Garfield and state of Oklahoma, one Laura Carr, did then and there unlawfully, willfully, and feloniously have in her possession and under her control, and have concealed about her premises, at about street No. 120 E. Oklahoma street, in the city of Enid, Okla., a quantity of narcotic drugs, to wit, cocaine and morphine, while the said Laura Carr was not then and there a regularly and duly licensed pharmacist, nor a regularly licensed and actively practicing physician, dentist, or veterinary surgeon, nor a railroad or express company, nor a firm, person, or corporation licensed or authorized as provided by act of Congress of the United States of America of December 17, 1914, to

sell, give away, dispense, receive, conceal, buy, or in any manner facilitate the transportation, concealment, or sale of, or distribution of the aforesaid narcotic drugs, nor a person registered as provided by said act of Congress, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma.''

It is insisted that the information, in addition to the charge contained, should have further charged that the quantity found was in excess of one dose. In connection with this assignment of error it is pertinent to the inquiry to note a further provision of section 8887, supra, which is as follows:

''Provided, further, that it shall not be necessary to negative any of the aforesaid exceptions in any complaint, information, or indictment, or any writ of proceeding laid or brought under this act.''

Whether or not the drugs alleged to have been possessed by the defendant were drugs other than those acquired and procured upon the prescription of a regularly licensed and actively practicing physician, dentist, or veterinary surgeon, for legitimate medicinal purposes, or whether the quantity possessed was more than one dose acquired for such purposes, was an exception that we think was not necessary to be negatived under the provisions of the act itself. Such matters were peculiarly within the knowledge of the defendant.

Further it is contended that the demurrer to the information should have been sustained because the title to the act contains no reference or mention in relation to the act of Congress of the United States of December 17, 1914, being U. S. Comp. St. § 6287g et seq. (referred to in the body of the act) as is required by section 57 of article 5, Constitution. Also that said act is unconstitutional because

it violates section 46 of article 5 of the Constitution. Both of these contentions are untenable. The title of the act reads as follows:

"An act relating to narcotic drugs; prohibiting the selling, giving away, dispensing, manufacture, production, unlawful possession, transportation and unlawful use of narcotic drugs; defining narcotic drugs; providing penalties for the violation of this act; and declaring an emergency." Laws 1919, c. 60.

It is not necessary for the title to an act to embrace an abstract of its contents. Although an act may have numerous provisions, if such provisions have one general object, the title is sufficient if it fairly indicates the general purpose of the act. The details provided in the accomplishment of such purpose are regarded as necessary incidents. In re Powell, 6 Okla. Cr. 495, 120 Pac. 1022; Jackson v. State, 22 Okla. Cr. 338, 211 Pac. 1066.

It was not necessary for the title to the act to contain a detailed statement of the contents of the act of Congress of December 17, 1914. Reference to such act was made in the body of the statute merely as incidental to its enforcement, and the courts of this state will take judicial knowledge of the contents of acts of Congress. 15 R. C. L. pp. 1064, 1065.

We conclude, therefore, that the title of the act is sufficient to meet the requirements of section 57, article 5, of the Constitution.

The act is not violative of any of the provisions of section 46, article 5, of the Constitution, because such section relates wholly to limitations on the power of the Legislature to enact local or special laws. As the statute here in question is neither a local nor a special law, such constitutional inhibitions as are contained in section 46 of article 5 have

no application to it. The other attacks against the constitutionality of the statute are covered by the opinion of this court in Ex parte Bryson, 21 Okla. Cr. 152, 205 Pac. 190.

The objection urged against paragraphs 4 and 5 of the court's charge to the jury are covered by what has heretofore been said relative to the sufficiency of the information and to the constitutionality of the statute.

The necessity of the state in the first instance to prove the negative that the defendant was not such person as was excepted from the operation of the statute is obviated by the provisions of the statute itself.

Finally it is urged that the evidence is insufficient to sustain the verdict and judgment. There seems to be a conflict in the evidence only as to whether or not this defendant actually had in her possession and under her control the narcotic found by the officers in the search of her premises on March 5, 1921. There is an abundance of evidence in the record to the effect that such narcotic was in her possession and under her control at the time it was found. The mere fact that the defendant herself denied any knowledge of the presence of the narcotic on her premises is not sufficient reason to authorize this court to reverse the judgment and remand the cause to the trial court for a new trial. Under our system of jurisprudence such conflicts in evidence must necessarily be settled by the jury. The jury is in a much better position to determine the weight of evidence and the credibility of the witnesses than is this court. Convictions will not be set aside because of conflicts in the evidence, where there is evidence in the record from which the jury could reasonably conclude that the defendant is guilty as charged.

While the defendant in this case was given the maximum term of imprisonment by the trial judge, we cannot see, in view of the fact that the record discloses that defendant had been previously convicted of the same crime some months before, that the punishment imposed is excessive.

The judgment is affirmed.

DOYLE, J., concur.

BESSEY, J., absent, not participating.