## C. E. STOUT v. STATE.
No. A-4339.   Opinion Filed March 29, 1924.
(224 Pac. 375.)

(Syllabus.)

1. **Indictment and Information—Statutory Exceptions Made Matters of Defense Need not be Negatived.** Where a penal statute expressly provides that certain exceptions to or exemptions from its operation shall be matters of defense, such exceptions need not be negatived in the information.

2. **Constitutional Law—Statutory Change in Rules of Evidence or Procedure—Vested Rights of Accused.** The Legislature may at will alter any rule of evidence or mode of procedure, so long as such statutory rule of evidence or procedure does not deprive the accused of some constitutional or vested right.

3. **Poisons—Physician's Liability for Violation of Narcotic Drug Act.** One charged with a violation of the narcotic drug act will not be immune from prosecution because he is a physician, and entitled as such to prescribe the use of narcotic drugs in the quantity and manner only prescribed by the statute.

Appeal from District Court, Oklahoma County; James I. Phelps, Judge.

C. E. Stout was convicted of the illegal transportation of narcotic drugs, and he appeals.   Affirmed.

Victor A. Sniggs, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. C. E. Stout, plaintiff in error, here referred to as the defendant, was charged with the crime of transporting narcotic drugs, from a place unknown to a designated place in Oklahoma City. At the trial, by a verdict of the jury, he was found guilty as charged, and his punishment fixed at confinement in the penitentiary for a term of three years and a fine of $1,000. From the judgment on this verdict, he appeals.

The testimony discloses that a brother of the prosecuting witness was a narcotic drug addict. The witness gave to his brother $25 in currency, the bills having been previously marked so that they could be identified. The prosecuting witness, along with two officers, watched the brother who was addicted to the use of drugs, and one of them heard him telephone to the defendant, indicating that they were making an appointment to meet at a certain place in Oklahoma City. Pursuant to the plans so made the defendant drove to the appointed place, where the narcotic addict gave the marked bills to the defendant. About 30 minutes later defendant and this addict met at another place in Oklahoma City, where the defendant was apprehended and arrested by one of the officers, and found in the possession of the marked bills and in possession of a quantity of narcotic drugs. At this place the officers saw the defendant deliver to the narcotic addict 31 grains of morphine. The officers' testimony relating to the delivery of the drug was corroborated by the addict himself.

Defendant denied that he transported the particular drugs mentioned, or any other drugs on that day or at any time.

This prosecution was predicated upon section 8887, Comp. Stat. 1921, a complex statute containing over 1,000 words, and containing several negative exceptions relating to physicians, pharmacists, dentists, and others. One of the provisions of the statute states that it shall not be necessary for the state to negative any of the exceptions in the information.

In this appeal the judgment of the trial court is attacked from several angles, all of which, however, relate to the defendant's claim that under the provisions of this narcotic drug law a physician is authorized to transport narcotics, and for that reason defendant claims that the information and the proof supporting it were insufficient.

It has been held by this and other courts that the Legislature may at will alter any rule of evidence or mode of procedure so long as such statutory rule of evidence or procedure does not deprive the accused of some constitutional or vested right. The shifting of the burden of proof relating to a negative defense may be sustained. Ex parte Smith, 24 Okla. Cr. 415, 218 Pac. 708; Ex parte Bryson, 21 Okla. Cr. 152, 205 Pac. 190; Ex rel. David Woronoff, 222 N. Y. 456, 119 N. E. 102, 4 A. L. R. 463, 10 R. C. L. 901; Wigmore on Evidence, §§ 8 and 1354 et seq.

This statute was designed to prohibit the unauthorized sale, introduction, and transportation of narcotic drugs; it applies to physicians as well as others, excepting only in cases where the use of narcotic drugs is necessary in the treatment of disease, and then only in such quantities and in such manner as designated in the statute. The fact that the accused is a physician will not make him immune from punishment under the penal provisions of the statute in cases where he knowingly participated in the unauthorized traffic in narcotics.

This statute is within the police power of the state, designed as it is to discourage and suppress both the open and the insidious use of narcotics—a growing evil which tends to undermine the health and morals of individuals and which has become a serious menace to the welfare of the state. To curb the cupidity of depraved persons, including physicians, who traffic in the lives and morals of others, the state has prescribed severe penalties, and the grave consequences of this evil justify the drastic penalties found in the statute.

The judgment in this case may seem severe, but one of purposes in punishing lawbreakers is to deter others from committing the same offense. With that purpose in mind this court will refuse to exercise its right to mitigate the punishment assessed in this case.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.