### L. H. HUFFMAN v. STATE.

No. A-4527.  Opinion Filed Sept. 27, 1924.
Rehearing Denied Nov. 29, 1924.

(230 Pac. 272.)

(Syllabus.)

1. **Venue—Refusal of Change of Venue Based on Prejudice of People Held not Erroneous.** On a motion for a change of venue on the grounds of the prejudice and passion of the people against the accused, due to inflammatory declarations made from the pulpit and statements contained in the public press, where such application is supported and resisted by scores of affidavits, under the circumstances in this case the court did not abuse his discretion in denying the application.

2. **Poisons—Burden on Accused to Show He Comes Within Negative Exception of Narcotic Drug Law—Instruction Held Proper.** The negative exception in our narcotic drug statute, section 8887,

C. S. 1921, permitting a physician when it appears necessary to administer narcotics to a drug addict for purposes of reformation, or in accordance with recognized medical methods, places the burden of proof upon the accused to show that he comes within such exception.

    (a) The instructions on that point examined, and held sufficient.

3.    **Same—Whether Administration of Narcotic Drug Was According to Recognized Medical Practice Held for Jury.** Where the accused admits that he sold morphine tablets to a known drug addict to be carried away and used in any manner agreeable to the addict, it raises an issue of fact for the jury as to whether such administration is according to recognized medical practice.

4.    **New Trial—Newly Discovered Evidence—Motion Properly Denied.** The motion for a new trial on the ground of newly discovered evidence was properly denied, for reasons stated in the opinion.

Appeal from District Court, Kiowa County; Thomas A. Edwards, Judge.

L. H. Huffman was convicted of unlawfully administering a narcotic drug to a drug addict, and he appeals. Affirmed.

Geo. L. Zink and Rummons & Hughes, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. L. H. Huffman, a physician, defendant in the trial court, was in the district court of Kiowa county, on the 22d day of June, 1922, by a verdict of a jury, found guilty of administering and furnishing narcotic drugs to a person addicted to the morphine habit. The court rendered judgment upon the verdict, fixing the punishment at confinement in the penitentiary for a term of one year and a fine of $500.

This prosecution was had under section 8887 of the Compiled Oklahoma Statutes 1921, commonly known as the narcotic drug statute. The facts disclosed by the evidence show

that in the summer and fall of 1921 Dr. Huffman, the defendant, was the proprietor and owner of a hospital in Hobart, and that he there employed Charles Gerkin, a painter and well-known drug addict, to paint and decorate the inside of his hospital, and had an agreement with Gerkin that for this service the defendant would treat Gerkin for his morphine habit. The defendant's testimony shows that Gerkin worked for him at intervals covering a period of about four weeks, during which time the defendant from time to time gave Gerkin morphine in an effort to cure him of his habit in the manner commonly known as the "reduction method." Defendant said that he could not control Gerkin and that many times during this period Gerkin would leave the hospital and go to other places to procure morphine and then return in a nervous, debauched condition. Gerkin finally left and was gone for some months. Upon his return in February, 1922, Gerkin went to the defendant's office to procure some morphine. A condensed statement of a portion of defendant's testimony is as follows: Defendant asked Gerkin how he was getting along; Gerkin replied, "Not very good." After some preliminary conversation, Gerkin said, "I am feeling tough." That at this time Gerkin was moving restlessly about the office, shifting from one position to another, shaking his shoulders and picking at his clothing, and acting generally as is characteristic of drug addicts when wanting the drug. Gerkin said to defendant, "I want a shot." Defendant replied, "I don't like to give you any because we made a trade last fall for treatment and you absolutely refused to let me help you, and I'm not going to give you morphine unless I know there is some benefit coming from it." Gerkin replied that he was sorry he had disobeyed instructions and promised that if the defendant would help him out this time he would make another effort to straighten up. Finally, the defendant agreed to give Gerkin some morphine and delivered to him three morphine tab-

lets of a quarter grain each.  Gerkin laid three $1 bills on the table, picked up the morphine tablets, and carried them away with him.  Presently some of the local officers and a federal narcotic agent came into the defendant's office and placed the defendant under arrest.  According to previous arrangements, Gerkin had delivered to these officers the morphine obtained from the defendant.  The officers recovered from the defendant the three $1 bills given him by Gerkin, these bills having been previously marked by them for identification.  They later made a search of defendant's safe and recovered 20 grains of morphine.

In this appeal the defendant by his counsel urges that this judgment should be reversed:

First.  Because the court overruled the motion of the defendant for a change of venue.

Second.  For alleged erroneous instructions to the jury.

Third.  That the evidence is insufficient to support the verdict.

Fourth.  Refusal of the court to grant a new trial on the ground of newly discovered evidence.

In his motion for a change of venue the defendant set out that some person or persons had distributed morphine to some of the boys and girls attending high school; that an evangelist who was holding protracted meetings there had denounced those who were responsible for this distribution, including, by inference, this defendant; that the newspapers throughout the county had contained inflammatory articles reflecting on the defendant; that the minds of the people were, for these and other reasons, so inflamed and prejudiced against the defendant that he could not have a fair trial in Kiowa county.  The county attorney resisted this application for a

change of venue by scores of affidavits tending to show that there was no such general prejudice against the defendant as would prevent his having a fair trial there.

The court refused the application for a change of venue. Upon the showing and counter showing made the court did not abuse his discretion in denying the defendant's application. The statements made by the evangelist and those published in the papers were such as would naturally shock the sense of justice, decency, and good order of the good people who heard or read them, but it does not necessarily follow that these people would prejudge the defendant or deny him a fair hearing. Doubtless, too, there were numbers of people who did not hear the statements made by the evangelist or read the newspaper denunciations of which complaint is made. Moreover, common experience had taught the public the danger of accounting as true every declaration made from the pulpit or every statement made in contributions appearing in the public press. Frequently the members of this court are amazed when they read newspaper accounts of the judicial proceedings of this court which in fact never took place.

The subsequent proceedings in the trial court in this case indicate that the defendant was not by reason of passion or prejudice prevented from having a fair trial.

The defendant next complains of certain instructions of the court relating to the evidence and the burden of proof of negative exceptions of the statute upon which this prosecution was based, section 8887, Comp. Stat. 1921, a portion of which is as follows:

"It shall * * * be unlawful for any physician, dentist or veterinary surgeon to prescribe or administer, in any form whatsoever, any of the said narcotic drugs to any person addicted to the habit of using such narcotic drugs, or to habitually prescribe or administer, * * * any of said narcotic drugs

to any person, unless and except in those cases and instances in which, according to the recognized practice of the medical profession, it shall be necessary to administer the same in the treatment of such narcotic habit for the reformation and relief of the patient from such habit.''

Instructions Nos. 5 and 6 given by the court were as follows:

"You are instructed that in this case the burden is on the state to prove to your satisfaction beyond a reasonable doubt that the defendant, in this county and state, on or about the date charged in the information, did administer a narcotic drug, to wit, morphine, to the prosecuting witness, Charles Gerkin, and that the said Charles Gerkin was then and there a person addicted to the habit of using such narcotic drug, and that the said L. H. Huffman was then and there a physician duly licensed under the laws of Oklahoma for the practice of medicine in the county of Kiowa and state of Oklahoma and engaged in the practice of medicine in said county. And the burden is on the defendant to prove that it was necessary to administer the said narcotic in the treatment of such narcotic habit for the reformation and relief of the said Charles Gerkin, and that the administering of such narcotic was according to the recognized practice of the medical profession.''

"You are instructed that if you find and believe from the evidence beyond a reasonable doubt that the defendant in this county and state, on or about the date charged in the information, did administer a narcotic drug, to wit, morphine, to the prosecuting witness, Charles Gerkin, and that the said Charles Gerkin was then and there a person addicted to the habit of using such narcotic drug, and that the said defendant was then and there a physician duly licensed under the laws of Oklahoma for the practice of medicine in this county and engaged in such practice, then it will be your duty to return a verdict of guilty of unlawfully administering a narcotic drug, unless you shall further find that the administering of said narcotic drug by the defendant to the said Charles Gerkin was necessary in the treatment of the narcotic habit of the said Charles Gerkin for his reformation and relief and was according to the

recognized practice of the medical profession, in which case your verdict should be not guilty. But if upon consideration of all the evidence, facts, and circumstances in the case you are not convinced beyond a reasonable doubt of the guilt of the defendant of the charges contained in the information, it will be your duty to acquit the defendant.''

The defendant himself admitted that he administered the morphine to Gerkin, admits that Gerkin was a morphine addict, and described the manner and circumstances of its delivery and the reasons therefor, which makes the question of the burden of proof of whether its administration was necessary according to recognized medical practice of little importance. The defendant's own testimony indicates that it was not so administered. Be this as it may, the physician who administers the drug is better able than any other person to testify on this point. He it is who makes the diagnosis of the case and observes the needs of the patient, and the burden is properly imposed on him to show that it was necessary, thus bringing himself within the exception named in the statute providing that the law should be inoperative as against a physician who administers the narcotics where it is necessary according to established medical practice. One of the provisions of this statute is that it shall not be necessary for the state to negative any of the matters stated in the exceptions. For a fuller discussion of this point, see Stout v. State, 26 Okla. Cr. 390, 224 Pac. 375. The burden of justifying by reason of the exceptions is on the defendant. Smythe v. State, 2 Okla. Cr. 286, 101 Pac. 611, 139 Am. St. Rep. 918; State v. Shafer, 15 Okla. Cr. 610, 179 Pac. 782; Annotations on Harrison Narcotic Act, 13 A. L. R. 874; 14 R. C. L. 188.

Upon the question of the sufficiency of the evidence, it appears to us that the evidence of the defendant alone is sufficient to support the verdict.

The defendant claims a new trial should have been granted him on the ground of newly discovered evidence. A showing was made that certain reputable witnesses would testify that the drug addict, Gerkin, conspired with others to bring about this prosecution for the purpose of extorting money from the defendant. But even conceding that Gerkin was a morally depraved drug addict, a blackmailer, and wholly unworthy of belief, and that he instituted this prosecution with malice, all that would not excuse the defendant in administering morphine to a known drug addict when not in the course of his treatment for relief from the habit and not in accordance with recognized medical practice as authorized by law.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.