GUS KEY v. STATE.

No. A-4798.    Opinion Filed March 28, 1925.
(234 Pac. 791.)

(Syllabus.)

1. **Intoxicating Liquors—Not Necessary for Information Charging Possession with Intent to Kill to Allege Intent to Sell for use as Beverage.** In an information for possession of intoxicating liquor, to wit, Jamaica ginger, with intent to sell, barter, and otherwise furnish the same to others, it is not necessary to allege an intent to sell the same to others for the purpose of being used as a beverage.

2. **Same—Information Need not Negative Statutory Exceptions.** An information for possession of intoxicating liquors, to wit, Jamaica ginger, need not negative the exceptions contained in section 7002, Comp. Stats. 1921, but such exceptions may be shown by the defendant as matters of defense.

3. **Same—Instruction Ignoring Element of Intent of Possession Erroneous.** On a trial for possession of intoxicating liquor, to wit, Jamaica ginger, with intent to sell the same, it is error for the court to instruct that: "If you believe from the evidence beyond a reasonable doubt that defendant did have possession of Jamaica ginger you will find him guilty."

4. **Same—Refusal to Instruct on Necessity for Unlawful Intent Erroneous.** In such a case it is error for the trial court to fail and refuse to instruct that there must be coupled with such possession an unlawful intent to sell or otherwise dispose of such compound contrary to law.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Gus Key was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

Smith C. Matson, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment and sentence of confinement in jail for six months and a fine of $50.

The information filed in the county court of Carter county, February 1, 1922, charges that on the 31st day of January, 1922, Gus Key, did "willfully and unlawfully have in his possession certain intoxicating liquors, to wit, four gallons of Jamaica ginger, with the willful and unlawful intent then and there to give, sell, barter, and otherwise furnish the same to others, contrary to," etc. To this information the defendant demurred upon the ground that the facts stated do not constitute a public offense. The demurrer was overruled.

The first contention made by counsel for the defendant is as to the sufficiency of the information. The argument is made that:

"Jamaica ginger is a drug or medicine listed in the United States Pharmacopoeia. It may be lawfully disposed of in this state by sale the same as other medicines, or compounds having an alcoholic base of more than one-half of 1 per centum. Jamaica ginger is not per se a beverage or what is commonly termed 'an intoxicating liquor'; that it belongs to that class of medicated compounds, which must not be sold for purposes not legitimate, to wit, to be used as a beverage. Dutton v. State, 21 Okla. Cr. 186, 205, P. 940. This being true, it was necessary, in order to charge an offense, to go further than a mere allegation, that defendant had possession of this Jamaica ginger with the willful and unlawful intent to sell the same to others. Defendant could have sold Jamaica ginger 'to others' lawfully, so that it was necessary in order to state an offense, either to allege that defendant intended to sell the same to others, 'in violation of the prohibitory laws of the state,' or else to allege that defendant 'intended to sell the same to others for the purpose of being used as a beverage';

that without either of said allegations the information fails to state an offense."

The rule is well settled that where exceptions are contained in separate clauses or provisions of a penal statue they may be omitted in the indictment or information, and may be shown by the defendant as matters of defense. Smythe v. State, 2 Okla. Cr. 286, 101 P. 611, 139 Am. St. Rep. 918. Tested by this rule the information was sufficient.

In order to present other questions raised, we will briefly state the evidence.

The defendant was the proprietor of the Diamond A drug store, on Main street, in the city of Ardmore: on the date alleged Charley Hathcock, a policeman, and Tom Smith, a deputy sheriff, in executing a search warrant found about four gallons of Jamaica ginger in the defendant's drug store.

Charley Hathcock testified:

"We had a search warrant and 'made a raid' on defendant's drug store, and got about four gallons of Jamaica ginger; that the stuff was found behind the prescription case."

"Q. Do you know whether or not, along about that time, that Mr. Key, through the Diamond A drug store was making any sales of Jamaica ginger for beverage purposes? A. I would not swear that he was; that was the reputation of the place."

Tom Smith testified in substance to the same facts. He was then asked a question and answered as follows:

"Q. Mr. Smith, do you know anything about how much Jamaica ginger was being sold by the Diamond A drug store at that time? A. No, sir; I don't."

Dr. E. M. Edwards testified that he was pathologist at the Hardy Sanitarium; that he made an analysis of some Jamaica ginger brought to him by Mr. Hathcock; that its

contents were "alcohol 58 per cent. and 14 per cent. solids, the balance water dilution."

Against the defendant's objection W. R. Shackelford testified that he was proprietor of the City Drug Store in the city of Ardmore, and over the defendant's objections was permitted to testify as follows:

"Q. How much Jamaica ginger a month, for instance, will the average druggist use in Ardmore in making prescriptions? A. I don't know how much they use; we don't use any.

"Q. You don't handle it at all in your drug store for any purpose? A. We may have a quarter of a pound of fluid extract."

C. O. Adcock testified that he was proprietor of the Adcock Pharmacy. Over the defendant's objection he was permitted to testify as follows:

"Q. Do you, in your drug business, use any Jamaica ginger at all? A. No, sir; I don't handle it.

Q. Do you know about how much Jamaica ginger one would use for medical purposes in Ardmore? A. I don't know; I never used any."

The state rested and the defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled and exception allowed.

On the part of the defense, E. C. London testified that he was sheriff, and that on order of the federal authorities the four gallons of Jamaica ginger was returned to Mr. Key. Mr. Hodge, county attorney, objected to testimony on the part of the defendant to show that the "stuff" was turned back to Mr. Key, and asked the court to instruct the jury to disregard this testimony.

By the Court: "That would not be a defense to this prosecution."

The defendant requested the court in writing to in-

struct the jury that they must find that the defendant intended to use the Jamaica ginger in violation of the law. Refused.

The following were all the instructions given by the court:

"This is the case of the State of Oklahoma versus Gus Key, charged with unlawful possession of Jamaica ginger in the manner and form as follows (omitting the information) : If you believe from the evidence beyond a reasonable doubt that the defendant Gus Key, did in Carter county, Okla., on or about the 31st day of January, 1922, have possession of Jamaica ginger, you will find the defendant guilty and fix his punishment at a fine of not less than $50 nor more than $500, and not less than 30 days or more than 6 months in the county jail. If you have a reasonable doubt as to the defendant's being proven to be guilty, you should acquit him and so say by your verdict. Three-fourths of your number can return a verdict by all five signing it, if all agree on a verdict one can sign as foreman."

We deem it unnecessary to review the exceptions taken to the rulings of the court during the progress of the trial further than to say that the court erred in admitting the testimony of the witnesses Shackelford and Adcock. Their testimony was clearly incompetent. It was eliciting the mere opinion of a witness as to how a drug store business should be carried on. It might be properly styled indirect opinion evidence for argumentative purposes only.

The instructions given by the court are fundamentally deficient. Possession alone of intoxicating liquor is not a crime against the laws of this state, much less the possession alone of medicated alcoholic compound in a drug store; there must be coupled with such possession an unlawful intent to convey, sell, or otherwise furnish the same in violation of the prohibition ordinance and laws of the state. While the statute makes the possession of more than one quart of spirituous liquor in one's place of business "prima facie evidence of an intent to violate the law," this phase

of the case was not submitted to the jury, as the trial court refused to give the defendant's requested instruction based on his theory of defense in rebuttal of any such presumption, if any, arising from the quantity of the compound possessed. The court not only failed to instruct the jury on this theory of defense, but the instructions given make evidence of possession conclusive proof of guilt.

In Caffee v. State, 11 Okla. Cr. 485, 148 P. 680, it was held that under the statute declaring that the keeping in excess of a certain amount of intoxicating liquors shall be "prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors," evidence of such possession is sufficient to establish the unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding the defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt.

All persons are by our laws entitled to a trial in accordance with the rules of law. Our conclusion is that in this case the defendant did not have that fair trial to which he was entitled under the law.

For the errors indicated, the judgment of the lower court is reversed.

BESSEY, P. J., concurs.

EDWARDS, J., absent.