# Ex parte BETTY BEATRICE BROWN.

No. A-10394.     June 16, 1943.
(139 P. 2d 196.)

Judd L. Black, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

JONES, P. J.    This is an original proceeding in habeas corpus instituted by the petitioner, Betty Beatrice Brown, for the purpose of securing her release from confinement in the State Penitentiary.

The petitioner was sentenced on February 9, 1943, by the district court of Oklahoma county to serve a term

of two years imprisonment in the State Penitentiary on a plea of guilty to the crime of exposing a person by the act of sexual intercourse to a venereal disease.

63 O.S. 1941 § 543 is the statute under which the information against the accused was allegedly drawn. This statute provides:

"Any person who shall, after becoming an infected person and before being discharged and pronounced cured by a reputable physician in writing, marry any other person, or expose any other person by the act of copulation or sexual intercourse to such veneral disease or liability to contract the same, shall be guilty of a felony and upon conviction shall be punished by confinement in the penitentiary for not less than one (1) year or not more than five (5) years."

The information filed against the petitioner, omitting formal parts, reads:

"On the 28 day of November, 1942, in Oklahoma County, State of Oklahoma, Betty Beatrice Brown whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and feloniously commit the crime of exposing a person by the act of sexual intercourse, to a venereal disease in the manner and form as follows to wit:

"That is to say, the said defendant in the county and state aforesaid, then and there being infected with a venereal disease, did then and there wilfully, unlawfully and feloniously expose one John Doe a sailor in the United States Navy, whose more full and correct name is to your informant unknown, to said venereal disease by having sexual intercourse with the said John Doe, contrary to the form of the statutes in such case made and provided against the peace and dignity of the State of Oklahoma."

The sole question presented by this proceeding is whether the information is fatally defective and insuf-

ficient to confer jurisdiction on the district court to sentence petitioner for said alleged crime, by reason of its failure to negative the fact that the accused had exposed the sailor to the venereal disease "after becoming an infected person and before being discharged and pronounced cured by a reputable physician in writing."

Counsel for petitioner instituted this action after reading the opinion of this court in the case of Duggins v. State, 76 Okla. Cr. 168, 135 P. 2d 347, wherein we held that an information charging the crime of rape must contain the negative averment that the female upon whom the crime was committed was not the wife of the person accused of perpetrating the offense. As will be seen by reference to that case, the authorities sustain that proposition. The Attorney General also confessed error, which was an additional reason for the reversal of that judgment of conviction.

In the case of Epps v. State, 69 Okla. Cr. 460, 104 P. 2d 262, this court sustained an information under the identical statute under which the information herein is prepared, which information is similar in language to the information here in dispute. It was there alleged:

"That the said M. T. Epps did then and there knowingly, wrongfully and unlawfully and feloniously, by the act of copulation, communicate to the said Ruth Epps, a venereal disease, to wit: syphilis, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State."

Although the specific question now raised was not considered in disposing of the Epps Case, we did hold in affirming that judgment that there were no fundamental defects in the information or the proceedings before the trial court which would deprive the court of jurisdiction to sentence the accused.

There are many decisions of this court wherein we have held that exceptions in a statute similar to the exception herein, which provides for a written release from a reputable physician, are a defense to be pleaded by the defendant. Smythe v. State, 2 Okla. Cr. 286, 101 P. 611, 139 Am. St. Rep. 918; Penn v. State, 13 Okla. Cr. 367, 164 P. 992, L.R.A. 1917E, 668; Carr v. State, 25 Okla. Cr. 289, 220 P. 479; Key v. State, 29 Okla. Cr. 436, 234 P. 791.

It is fundamental that it is not necessary in an information to allege any fact which is not necessary for the state to prove to secure a conviction. Under the statute herein, if we should hold that the state had the burden of proving that the accused had not been discharged and pronounced cured by a reputable physician in writing, it would create an almost insurmountable burden. The state would not be in possession of the information as to who had been administering treatment to the accused, or whether she had even been given treatment for her venereal disease. The prosecution surely would not be required to bring all of the doctors in the community to court to inquire whether they had discharged the patient as cured. To this court it is apparent that this provision was inserted in the statute by the Legislature as a matter of defense which may be interposed by an accused, and when such defense is made it then should be submitted to a jury for their determination as to whether the accused had been discharged as cured by a reputable physician in writing and had innocently exposed another person to a venereal disease under the honest belief that she was no longer infected. The state has the burden of proving beyond a reasonable doubt that the accused had become infected with a venereal disease, and that subsequently thereto

she had exposed another person to such disease by some of the means set forth in the statute.

After a consideration of this matter, it is our opinion that the information filed against the petitioner in the district court of Oklahoma county, being in the language of the statute, was sufficient to allege a violation of 63 O.S. 1941 § 543, and that a commitment on a plea of guilty to said information is sufficient authority for the respondent to hold the petitioner confined in the penitentiary to serve her said sentence.

For the reasons hereinabove stated the petition for writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., absent and not participating.